JAMES HALL v. W. H. HURD.

1. CHATTEL MORTGAGE — *Refusal to Discharge — Demand — Penalty.* Under § 16, chapter 68, Compiled Laws of 1885, a demand is necessary before an action can be maintained to recover the penalty therein named; and where an action is brought without a demand first having been made, such action is prematurely brought.

2. ————— *Demand; Action, not Barred.* Where a second action is brought to recover the penalty under said § 16 within one year after dismissing the first action, such action is not barred although the second action is not brought within one year after the demand is made.

*Error from Harvey District Court.* ·

ACTION brought by *Hall* against *Hurd*, to recover $100 as penalty for refusing, on demand, to discharge of record a chattel mortgage given by the plaintiff on or about April 1, 1882. The court found substantially as follows: That the mortgage was paid off about September 18, 1882, a few days before the same was due; that afterward, in February, plaintiff commenced an action before a justice of the peace to recover the penalty for failure to release said mortgage. A few days after the commencement of that action, plaintiff made his first demand upon the defendant to release and discharge the mortgage of record. Trial was had in the justice's court, which resulted in a judgment for the plaintiff, and defendant appealed to the district court; that on the 25th day of September, 1884, the plaintiff dismissed his action in the district court without prejudice, and within a year thereafter lacking a day, brought this action; to which the defendant pleaded, first, a general denial; and second, that the action was barred by the statute of limitations, more than one year having elapsed after the demand before the suit was brought. At the May term, 1887, the court found that the action was barred, and rendered judgment for the defendant. The plaintiff brings the case here for review.

*Brown & Kline,* for plaintiff in error.

*J. W. Ady,* for defendant in error.

Opinion by CLOGSTON, C.: The first question presented is, is a demand necessary to entitle a party to an action for a penalty for failing to release a chattel mortgage? Section 16 of chapter 68, under which this action was brought, does not in terms provide for a demand, but with its reference to § 8 of chapter 68, we think that it implies that a demand is necessary. The action having been brought in justice's court without a demand having been made, it was prematurely brought, and for that reason, doubtless, the action was afterward dismissed. This action in justice's court was brought within a year after the mortgage debt had been paid, and the present action was brought within a year after the dismissal of the action begun in justice's court. The question presented then is, did the bringing of the action in justice's court before demand was made prevent the statute from running? It is contended by the defendant in error that it did not prevent the statute from running, for the reason that there was no cause of action until a demand had been made; and if no cause of action existed, then the bringing of the action ought not to protect a party from the statute. In this view we do not concur. This court held in *Seaton v. Hixon*, 35 Kas. 663, that an action to foreclose a mechanics' lien, prematurely brought, prevented the statute from running. It was also held in *McWhirt v. McKee*, 6 Kas. 412, that it was immaterial to inquire for what reason the action was dismissed; it was enough if the action was dismissed without a hearing upon its merits. Under the rule established by these authorities it seems to us that it would make no difference whether this action in justice's court was brought prematurely or not; a cause of action existed. The law made it the duty of the mortgagee to release the mortgage after payment. It was as much his duty to do so before demand as afterward. True, no penalty attached until after demand. There was a wrong on the part of the defendant, and the plaintiff had a right of action independent of the notice to compel such cancellation. The action was commenced and dismissed without a trial on

the merits.    We think that was sufficient. (*Koons v. C. & N. W. Rly. Co.*, 23 Iowa, 493; *Coffin v. Cottle*, 16 Pick. 383; *Walker v. Peay*, 22 Ark. 103.)

We therefore recommend that the judgment of the court below be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.

All the Justices concurring.