**In re GUARDIANSHIP OF ISPARHECHER STEVENS.**
**STEVENS v. DILL et al.**

No. 11540—Opinion Filed Dec. 13, 1921.

Rehearing Denied Sept. 26, 1922.

(Syllabus.)

**Courts—County Courts—Jurisdiction — Setting Aside Guardian's Sale After Confirmation and Delivery of Deed.**

Section 12, art. 7, of the Constitution provides:

"The county court, co-extensive with the county, shall have original jurisdiction in all probate matters, and until otherwise provided by law, shall have concurrent jurisdiction with the district court in civil cases in any amount not exceeding one thousand dollars, exclusive of interest; provided, that the county court shall not have jurisdiction in any action for malicious prosecution, or in any action for divorce or alimony, or in any action against officers for misconduct in office, or in actions for slander or libel, or in any action for malicious prosecution, or in contracts for the sale of real estate, or in any matter wherein the title or boundaries of land may be in dispute or called in question; nor to order or decree the partition or sale of real estate, not arising under its probate jurisdiction. (Bunn's Ed., sec. 182.)"

Held: (a) That the county courts of this state are without jurisdiction to vacate or set aside a decree of sale, order of confirmation, or guardian's deed after the sale has been completed and a delivery of the guardian's deed executed pursuant to the order of the court confirming such sale.

(b) After such sale has been completed by confirmation and a vestiture of title in the purchaser by delivery of deed, if any matter of equity exist, or should arise, entitling any interested party in the sale to be relieved from such sale, resort must be had in this state to the district court, a court of general equitable jurisdiction.

(c) That an action to vacate such sale after confirmation and delivery of conveyance, is a civil action, and not a probate proceeding.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Petition by Isparchecher Stevens in re guardianship proceedings in the County Court of Okmulgee County to vacate and set aside decree of sale, order of confirmation. and guardian's deed. Motion filed by W. C. Cummings, former guardian of petitioner, and W. H. Dill, purchaser at said sale, to dismiss the petition for want of jurisdiction which was by the county court sustained, and petitioner appealed to the district court. Appeal dismissed by district court and Stevens appeals to this court. Affirmed.

MILLER, J., dissenting.

A. L. Emery for plaintiff in error.

E. T. Noble and S. L. O'Bannon for defendant in error.

J. B. Diggs, Rush Greenslade, and Wm. C. Liedtke, amici curiae.

KENNAMER, J. The judgment of the district court of Okmulgee, county in this cause is affirmed upon the authority of In re Guardianship of Earler Jackson, a Minor (Jackson v. Porter et al.), 87 Okla. 112, 209 Pac. 430.

PITCHFORD, V. C. J., and JOHNSON, McNEILL, ELTING, and NICHOLSON, JJ., JJ., concur. MILLER, J., dissents.