### DILL v. STEVENS et al.

No. 16655.   Opinion Filed June 12, 1928.

Rehearing Denied Jan. 14, 1930.

Commissioners' Opinion, Division No. 1.

E. T. Noble and S. L. O'Bannon, for plaintiff in error W. H. Dill.

R. E. Simpson, Charles A. Dickson, and A. L. Emery, for defendants in error.

JEFFREY, C. This was an action in the district court of Okmulgee county, Okla , by W. H. Dill, plaintiff in error, who will be designated as plaintiff, against Dewey Stevens, defendant in error, who will be designated as defendant, for the cancellation of two real estate mortgages. Green Stevens, as guardian of his minor son, Dewey Stevens, sold through the probate court of Okmulgee county at private sale the S.E.¼ of section 10, township 14 north, range 14 east, the same having been allotted to his said ward by reason of his being a Creek freedman. The petition for sale asked for authority to sell the entire quarter section, and the order of sale authorized the sale of the entire quarter section. On the 26th day of November, 1910, the guardian sold the east half of said quarter section to the plaintiff, W. H. Dill, for the sum of $1,760 The sale was confirmed by the probate court on December 12, and guardian's deed was executed and delivered on December 13, 1910.

The west half was sold to the plaintiff, W. H. Dill, on December 27, 1910, and the sale confirmed and deed delivered on January 7, 1911. The land was sold in each instance for one-third cash and balance evidenced by two promissory notes, one covering each sale, and secured by mortgages back on the land. On January 10, 1911, W. H. Dill sold and conveyed the west half of the said quarter section to A. D. Adcock, and Adcock and his wife sold the same to D. A. Dill and Eva Dill May 15, 1912. Plaintiff paid the interest on the notes from year to year, and in 1919 paid the notes in full to the guardian of Dewey Stevens, but failed to secure a release of mortgages. Upon Dewey Stevens arriving at his majority, his guardian had a settlement with him and was discharged. Plaintiff demanded a release of mortgages from defendant, which was refused. Plaintiff brought this action to cancel mortgages, and defendant filed an answer and cross-petition. Defendant admitted the execution of the mortgages and his refusal to release the same, and by his cross-petition asked to have the order of sale, decrees confirming sale, and guardian's deeds canceled and set aside and title quieted in him, for the reason that the probate court of Okmulgee county had no jurisdiction to order said sale for the reason that the petition for said sale did not set out the statutory requirements; that no proper order to show cause was made and served, as required by law; that the order of sale did not show the causes or reasons for said sale; that the notice of sale was insufficient; that the notices of hearing the returns of sale did not briefly describe the land sold or specify the price paid, and otherwise failed to comply with the statutory requirements; that no bond was given by the purchaser at said sales for the balance of purchase price; that there was fraud entering into the orders and judgments of the court, and the conduct of the guardian, in that the guardian and plaintiff colluded and conspired together to prevent competitive bidding, by the granting of a five-year agricultural lease by said guardian to plaintiff on the 21st day of March, 1910, said lease to commence January 1, 1911, and having been made without an order of the probate court; that said agricultural lease was placed of record, operated as a cloud upon the title of said lands, and did prevent competitive bidding; and that the land was worth many times the price paid. Defendant then attached to his cross-petition, the petition for sale of real estate, all notices, order of sale, decrees of confirmation, and guardian's deeds, which showed the price paid for each parcel of said land

to be $1,760. Defendant brought in, as additional defendants, D. A. Dill, Eva Dill, Prairie Oil & Gas Company, Prairie Pipe Line Company, Magnolia Petroleum Company, and Corsicana Petroleum Company. Defendant asked that all instruments of conveyances be canceled; that title be quieted in him, and that he have money judgment for rents and profits from said land during the time that plaintiff had possession thereof. Plaintiff and all codefendants demurred to the answer and cross-petition of the defendant, which demurrers were overruled. D. A. Dill and Eva Dill pleaded their deed from Adcock and asked that title be quieted in them. After issues were joined, the parties waived a jury and proceeded to trial to the court. The court found the general issues, as between plaintiff and defendant, as to the east half of said land, in favor of the defendant, decreeing that title be quieted in him and awarding judgment against plaintiff for the sum of $7,626.64 for rents and profits. As to the west half, the court found the general issues in favor of codefendants, D. A. Dill and Eva Dill, and quieted title in said codefendants. Judgment was rendered in favor of all other codefendants, of which no complaint is made. Plaintiff appealed from that part of the judgment unfavorable to him, and the defendant has filed his cross-appeal from the judgment of the court, as to the west half of said land.

Plaintiff presents numerous errors, which will be treated in their order, so far as shall be necessary to a correct determination of this appeal.

The first specification of error urged by the plaintiff is:

"The trial court erred in overruling plaintiff's demurrer to amended answer and cross-petition of defendant, Dewey Stevens, and in overruling the objections of the plaintiff to the introduction of any evidence by Dewey Stevens in support of affirmative relief."

Defendant's cross-petition alleged no jurisdiction in the probate court to enter the order of the sale, and the decree confirming sale for the reason that the petition did not set forth the reasons or grounds for sale, as prescribed by section 1470, C. O. S. 1921, and for the further reason that the notices and orders, in the course of the sale proceedings, did not comply with the statutory requirements, and for this reason said order of sale, orders of confirmation and deeds were void. It should be borne in mind that this attack by the defendant upon the orders and judgments of the probate court of Okmulgee county is a collateral attack. Griffin v. Culp, 68 Okla. 310, 174 Pac. 495. The general rule is that a judgment or decree of a court of general jurisdiction cannot be attacked collaterally unless it appears from the record that said judgment or decree is void, or upon a proper complaint of fraud extraneous to the record.

That probate courts in Oklahoma are courts of general jurisdiction in probate matters is well settled. Eaves v. Mullens, 25 Okla. 679, 107 Pac. 433; Tiger v. Drumright, 95 Okla. 174, 217 Pac. 453; Abraham v. Homer, 102 Okla. 12, 226 Pac. 45; Welch v. Focht, 67 Okla. 275, 171 Pac. 730.

Then the question arises, Does the defective petition to sell the minor's land fail to confer jurisdiction upon the probate court to make the orders and decrees herein assailed? That part of the petition complained of is as follows:

"The personal property of said ward consists of none, of the approximate value of $none; that the annual income therefrom is approximately $none; that said ward owns the following described real estate of the approximate value of $3,200, to wit: (Description of land.) All in the county of Okmulgee, state of Oklahoma; that the annual income therefrom is approximately $240; that said real estate is encumbered to the amount of $none with an annual interest charge of $none; that the expense chargeable against the estate of said ward for maintenance and education is approximately $300; that it is to the interest of said ward that the hereinafter described portion of said real estate should be sold for the following reasons, to-wit: For reinvestment."

This question has been before this court in numerous cases. In the case of Welch v. Focht, 67 Okla. 275, 171 Pac. 730, a similar petition was held sufficient to confer jurisdiction upon the court, and that the orders and judgments of the court based upon such a petition could not be attacked collaterally. Again a similar petition was under consideration in the case of Tiger v. Drumright, 95 Okla. 174, 217 Pac. 453, wherein it was held that where a guardian's petition to sell real estate of a minor contains sufficient allegations to challenge the attention of the court in regard to its merits, it is sufficient to give the court jurisdiction, and a sale based upon such a petition could not be attacked collaterally. To the same effect is the holding of the court in Cowan v. Hubbard, 50 Okla. 671, 151 Pac. 678; Abraham v. Homer, 102 Okla. 12, 226 Pac. 45; Kelso v. Sheppard, 105 Okla. 231, 232 Pac. 81; Wagner v. Lucas, 79 Okla. 231, 193 Pac. 421. In the case of Abraham v. Homer, supra, wherein such a petition was under consideration, the court said that if the facts be not merely

insufficiently or defectively pleaded, but wholly fail to state a cause of action, both in form and substance, the court is not solely, by reason thereof, deprived of the jurisdiction over the subject-matter or of the jurisdiction to render judgment granting the relief sought, if such judgment would otherwise be within the jurisdiction of the court to render. Under this rule certainly it is clearly ascertainable from the petition, the nature of the proceeding and the relief sought, and that the petition was sufficient to challenge the attention of the court as to its merits and to set the judicial wheels in motion. It may be that there is such a defect in the petition that would warrant a reversal upon an appeal from the order of sale, but jurisdiction having attached, the judgments and orders of the court are not void and cannot be attacked collaterally. Nolan v. Jackson, 107 Okla. 163, 231 Pac. 525; Grignon's Lessees v. Astor, 2 How. 319; Comstock v. Crawford, 70 U. S. 396.

The next question to be determined in passing upon the sufficiency of the cross-petition, as against the demurrer, is whether or not the defects in the sale proceedings, after the filing of the petition for sale, rendered the guardian's sale void. The petition alleges that the order to show cause why an order of sale should not be granted was made on September 16, 1910, and set said petition for hearing on October 10, 1910. This order allowed only 26 days' notice for hearing on said petition, while section 1471, C. O. S. 1921, requires that said hearing be not less than four, nor more than eight weeks It is alleged that no notice of sale was given for two weeks immediately prior to the sale. It is also alleged that the order and notice for hearing return of sale did not describe the land, or specify the price paid at the sale, and this in violation of the statutory requirements; that the order of sale did not show the causes or reasons for said sale. Other defects are complained of, but these here mentioned are of greatest importance, and it will not be necessary to specify any others in order to properly answer this contention. In the cases of Tiger v. Drumright, supra, and Lewis v. Ward, 101 Okla. 146, 223 Pac. 839, complaints were made that guardianship sales were void for the reason that notices of sale were not given for two weeks immediately preceding the sale as required by section 1279, C. O. S. 1921. In each of those cases the court said that such defects were mere irregularities and curable by order of confirmation, and did not render the sales void and subject to collateral attack. The order of sale, after reciting various steps in the progress of the sale pro-

ceedings, found that the sale of the real estate, belonging to said ward mentioned in said petition, was necessary for the purpose of reinvestment, and for the best interest of said ward. In Welch v. Focht, 67 Okla. 275, 171 Pac. 730, the order of sale contained very similar findings, and was held to be sufficient. In the case of Eaves v. Mullens, 25 Okla. 699, 107 Pac. 433, a guardian's deed was attacked collaterally on the ground that nine days' 'notice only was given for hearing on the return of sale, while the statutes required the giving of ten days' notice. The court there held that the defect in the notice was only an irregularity, which was cured by the decree of confirmation, the court having obtained jurisdiction for the purpose of said sale, to the extent that said sale could not be attacked collaterally. In that case the court held and announced, as a rule of property in the state of Oklahoma, that a compliance with provisions of the statutes, as to giving notice of such hearing, is not mandatory or jurisdictional, and that defects in such notice, where the court had obtained jurisdiction on the filing of a petition, are cured by a proper order of confirmation. See, also, Grignon's Lessees v. Astor, 2 How. 319, 11 L. Ed. 283, and Comstock v. Crawford, 70 U. S. 396. In the case at bar the orders of confirmation are fair on their faces, and contain the necessary recitals showing that the sales were fairly and legally conducted, and all other conditions required by law. The case of Eaves v. Mullens was decided in March, 1910. Since that time this court has never departed from that doctrine, and the reasons for so holding should be stronger now. In the case of White v. Cheatham et al, 101 Okla. 264, 225 Pac. 533, where the facts were very similar to the case at bar, the doctrine of Eaves v. Mullen was affirmed, and it was there said that where a probate court had obtained jurisdiction for the purpose of sale of real estate of a minor, and no notice is given of the hearing of the return of sale, the court has the same jurisdiction which it would have in event full compliance with the terms of such statutes had been had. So it must be apparent, under the decisions of this court, that irregularities such as are complained of in the course of the sale proceedings, after the filing of the petition and before decree of confirmation, are not subject to collateral attack. Jurisdiction having once attached, mere irregularities occurring during the sale proceedings, do not render the sale void, but may be cured by decree of confirmation, and are not subject to a collateral attack. See, also, Grignon's Lessees v. Astor, 2 How. 319;

Comstock v. Crawford, 70 U. S. 396; Mohr v. Manierre, 101 U. S. 417.

Counsel for defendant concedes that the questions with reference to the sufficiency of the petition to sell real estate, and the sufficiency of the notices and orders in the course of sale proceedings have been decided against his contention by this court, and that the cases cited above are decisive of these questions. An attempt is made, however, to distinguish the cases of Grignon's Lessees v. Astor, and Mohr v. Manierre, and Comstock v. Crawford, supra, from the foregoing opinions of this court. Those cases have been repeatedly considered and analyzed by this court and the reasoning therein found to be in harmony with the views herein expressed. We do not think the distinction claimed exists. Our attention is also called to the case of Ammerman v. Karnowski, 109 Okla. 156, 334 Pac. 774, in which it was held that the statutory requirement that the petition to sell real estate be verified is mandatory and jurisdictional. The petition to sell real estate in the case at bar was properly verified, and no question was raised on this point. The holding in the Ammerman Case is not applicable to the facts in this case. However, there are some expressions in the Ammerman Case in conflict with the views expressed in Cowan v. Hubbard, Tiger v. Drumright, Abraham v. Homer, and Kelso v. Sheppard, supra. The Ammerman Case seemed to follow the case of Dosar v. Hummell, 89 Okla. 152, 214 Pac. 718, which was expressly overruled in Abraham v. Homer, supra. In so far as the Ammerman Case contains expressions in conflict with the views herein expressed, the same are disapproved.

Counsel insists that although the questions with reference to sufficiency of the petition and notices have been settled in this jurisdiction, defendant, by reason of the application of these settled rules, is deprived of his property without due process of law, and has been denied the equal protection of the law in violation of the Constitution of the United States and of this state, and that Eaves v. Mullen and Welch v. Focht and other decisions of this court following those cases are unconstitutional and should be overruled. With reference to the constitutional questions raised, let it be said that under the settled law of this state there can be no merit to these contentions. To say there is no law by which defendant can at this time come into court and secure relief, and that if there is no law, there is no due process of law, sounds very well. But the same course of reasoning will apply to every person who has become dissatisfied with an order or decree of a court of competent jurisdiction, although such order or decree is irregular but not void, where such person fails to avail himself of the remedy provided by law and within the time provided by law.

That the decisions of this court on the questions here under consideration are not in harmony with the decisions of a majority of the states, may be true. That such decisions are unconstitutional and should be overruled, it should suffice to say this court has spoken in no uncertain terms as regarding these questions in a number of well considered cases. But we think it would not be amiss to again say that the rules herein followed and approved long ago became rules of property in this state. The citizenship is entitled to rely upon such rules as settled law, and to govern its business transactions thereby. To now upset such established rules of law would wreak havoc with titles to real estate and cause such confusion and chaos as would tend to shake public confidence in organized government. The doctrine of stare decisis, when dealing with property rights, cannot be assigned too important a place in jurisprudence. There is a great necessity for stability and uniformity in the construction and interpretation of the law. In the case of Inman v. Sherrill, 29 Okla. 100, 116 Pac. 426, it is said:

"Where a series of decisions of a court of last resort have been accepted and acted upon as the proper interpretation of the law for a long time, courts are slow to interfere with principles announced in the former decisions, and often uphold them, even though they would decide otherwise were the question a new one."

If the above defects were all that defendant complained of, in his cross-petition, the demurrer should have been sustained. However, defendant alleges that certain frauds entered into the orders and decrees of the court, in that the guardian and plaintiff conspired and colluded together to prevent competitive bidding at said guardian's sale; that some time prior to said sale, the guardian of the defendant executed to plaintiff an agricultural lease on said land for a period of five years to begin January 1, 1911. That said lease was given for the purpose of preventing others from bidding on said land; that said lease was placed of record, operated as a cloud upon defendant's title, and did prevent competitive bidding, and that said land was actually worth many times the price for which it sold. One of the exceptions to the rule, that the judgments of

a court of general jurisdiction cannot be attacked collaterally, is that where fraud, extraneous of the record, is practiced upon the court and affects the judgment rendered. Ward v. Thompson, 111 Okla. 52, 237 Pac. 569; Sockey v. Winstock, 43 Okla. 758, 144 Pac. 372. The allegation of the execution of the agricultural lease for the purpose and in the manner pleaded, constitutes the overt act in connection with the general allegations and conclusions of fraud. It does not appear that an agreement between the guardian and plaintiff, with reference to the agricultural lease, and the purpose for which it was made would likely have come to the attention of the probate court in the course of the sale proceedings, and is extraneous of the record in the proceedings assailed. And for this reason we think this constitutes an allegation of extrinsic fraud, which, if established by competent evidence, would entitle defendant to the relief prayed, and is good against a demurrer.

The next specification of error relied upon by plaintiff is:

"The trial court erred in overruling the demurrer of the plaintiff to the evidence of Dewey Stevens and overruling plaintiff's motion to dismiss the cross-petition of Dewey Stevens and in overruling plaintiff's motion for judgment on the pleadings and the evidence at the close of the evidence offered by Dewey Stevens."

From what has been heretofore said, it will be seen that defendant must rely solely on the acts of fraud to establish his cause of action. The trial court must have found that such acts of fraud, as pleaded, were established at the trial. If the judgment of the trial court were not against the clear weight of the evidence, said judgment would not here be disturbed. However, it is a well-established rule that this court will, in cases of equitable cognizance on appeal, weigh the evidence, and where the judgment of the trial court is found to be clearly against the weight of the evidence, the same will be set aside. What does the evidence show with reference to any acts of fraud? It discloses that on March 21, 1910, the guardian executed and delivered to plaintiff an agricultural lease, said lease to begin January 1, 1911, and continue for a period of five years; and that said lease was recorded in the office of the county clerk. There was some testimony by the witness, Isparhecher Stevens, to the effect that he had seen a contract between Green Stevens and plaintiff relative to the purchase or leasing of the lands in question, but the admission of this testimony alone would be grounds for reversal of this cause, proper predicate not having been laid for the admission of such parol testimony. The mere fact that plaintiff obtained a lease on said lands for a period of five years, without first securing an order of probate court, but which lease was later approved by the probate court, in no way constitutes a fraud. The fact that plaintiff held a five-year lease on said land would not, of necessity, preclude him from bidding at the sale or from becoming the purchaser, should he make the best bid. And there is nothing in evidence, nor any reasonable inference to be drawn therefrom, that would support a finding that the agricultural lease was taken or given for the purpose of preventing competitive bidding at the guardian's sale. The record is silent as to the purpose for which this lease was given, except the recitals in the lease itself, and they are only such as are common to agricultural leases. Another fact which is usually vital in establishing charges of fraud of this character is that the land did not bring its value. There is not a syllable of evidence to show that the land did not bring its reasonable value. We think plaintiff's motion should have been sustained; that the judgment of the trial court in this regard is clearly against the weight of the evidence, and for that reason should be reversed.

The views herein expressed are applicable to defendant's cross-appeal, and dispose of the questions therein presented to the necessary extent of properly disposing of that appeal.

The judgment of the trial court in favor of defendant, Dewey Stevens, and against plaintiff, W. H. Dill, as to the east half of said land is reversed, and the trial court directed to enter judgment in favor of W. H. Dill, canceling said mortgages of record and quieting title in said W. H. Dill; and that part of the judgment of the trial court in favor of D. A. Dill and Eva Dill as to the west half of said land is affirmed.

BENNETT, HERR, DIFFENDAFFER, and LEACH, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 518, § 824; p. 566. § 866. (2) 31 C. J. p. 1043, § 113. (3) 31 C. J. p. 1053, § 134. (4) 4 C. J. p. 902. § 2871.