## STEVENS v. DILL et al.

No. 15311. Opinion Filed Jan. 14, 1930.

Rehearing Denied March 11, 1930.

Chas. A. Dickson, R. E. Simpson, and A. L. Emery, for plaintiff in error.

E. T. Noble and S. L. O'Bannon, for defendants in error.

JEFFREY, C. This is an action by Isparhecher Stevens, as plaintiff, against W. H. Dill, Walton Trust Company, W. O. Bassett, D. A. Dill, E. H. Moore, Independent Oil & Gas Company, Prairie Oil & Gas Company, and Prairie Pipe Line Company, as defendants, to have canceled and set aside a guardian's deed to certain lands described in the petition and all other conveyances based thereon. Demurrers to plaintiff's petition were sustained by the trial court, and plaintiff stood upon his petition. The petition was dismissed, and plaintiff has appealed. The case is a companion case to that of W. H. Dill v. Dewey Stevens et al., 141 Okla. 24, 284 Pac. 60. The petition alleges that the guardianship sale and the guardian's deed, issued pursuant thereto, are void because of certain defects and irregularities in the petition to sell the ward's land, defects and irregularities of the various notices and orders in the course of the sale proceedings, and for the further reason that the guardian and the purchaser at the sale conspired together to defeat competitive bidding at the sale, and did defeat competitive bidding by certain acts alleged in the petition, which amounted to fraud extraneous of the record. In these particulars, the petition is substantially the same as that in the case of Dewey Stevens. The same counsel appear and file the same briefs in the two cases, and the former case is controlling of this case on all questions therein raised pertaining to the sufficiency of the petition.

Plaintiff originally commenced a proceeding in the probate court of Okmulgee county, as a direct attack to have all proceedings, including guardian's deed, set aside. The probate court denied the relief asked. Plaintiff then appealed to the district court with like result, and then appealed to this court. This court affirmed the judgment of the district court, and ordered the action dismissed. Stevens v. Dill, 87 Okla. 135, 209 Pac. 439. See, also, In re Earler Jackson, 87 Okla. 112, 209 Pac. 438. It was there held that the county courts of this state are without jurisdiction to vacate or set aside a decree of sale, order of confirmation, or guardian's deed, after the sale has been completed and a delivery of the

guardian's deed executed pursuant to the order of confirmation. Within one year from the final disposition of the former appeal, plaintiff commenced this action in the district court of Okmulgee county, and attached to his petition as an exhibit the petition which was originally filed in the probate court. In this manner counsel contends that he is before this court both on direct and collateral attack of the judgment and orders of the probate court. This raises no question based on direct attack. The decision of this court on the former appeal settles that question, and it cannot be resurrected in this manner.

In the companion case, it was held that the petition contained sufficient allegations of extrinsic fraud, which, if established by competent evidence, would entitle defendant to the relief prayed, and was good against a demurrer. The allegations of the two petitions with reference to fraud vary in no material respects, and, in this particular, the demurrer should have been overruled.

One of the grounds of the demurrer was that the petition showed upon its face that it was barred by the statute of limitation, and counsel for defendant contends that the demurrer was properly sustained on this ground. The petition recites that plaintiff was three years old in September, 1898; that he served in the United States Army from August 2, 1918, until August 9, 1919. According to the petition, plaintiff became of age in September, 1916. It is further alleged that on September 30, 1919, plaintiff began his action in the county court, and the probate division thereof, to recall and vacate the guardian's deed. This action was not finally determined until September 26, 1922, which resulted in a decision of this court affirming the judgment of the district court and dismissing plaintiff's appeal because the probate court of Okmulgee county never had jurisdiction to try the character of action there brought. Counsel for defendant contends that the commencing of an action in a court having no jurisdiction to entertain it is no action, and will not toll the statute of limitation. Section 190, C. O. S. 1921, is as follows:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure."

There can be no doubt but that plaintiff failed in his action otherwise than upon the merits. Stevens v. Dill, 87 Okla. 135, 209 Pac. 439. However, our attention is called to the case of Sweet v. Chattanooga Electric Light Co., 97 Tenn. 252, 36 S. W. 1090, wherein it is held that an action commenced in a court having no jurisdiction to entertain it is no action, and, although the action is determined otherwise than on its merits, it does not toll the statute of limitation under the exception provided for bringing an action within one year after determination of the first. There is a division of authority on this question. 37 C. J. 1090. But it appears that the greater number of courts, having passed upon this question, hold that an action so brought, if in good faith, will toll the statute of limitation, where it is determined otherwise than on its merits so that a new action may be commenced within the time provided by the exception.

Section 190, supra, was adopted from the Statutes of Kansas. The Supreme Court of Kansas, in the case of Ball v. Biggam et al., 6 Kan. App. 42, 49 Pac. 678, had under consideration a similar question. The action was originally brought in a justice of the peace court. The amount involved exceeded the jurisdiction of the justice. The cause was first appealed to the district court, then to the court of appeals, where it was held that the justice of the peace was without jurisdiction of the case, and the action was ordered dismissed. Another action was brought in the district court within one year from the final determination of the first. It was held that the case came strictly within the very terms of the statute. Giving to the statute that construction to which it is entitled, it seems to be clear that the statute is intended to cover such cases as here presented. The saving clause should be given a liberal construction so as to cover all cases which may come within its terms by intendment. See, also, McWhirt v. McKee, 6 Kan. 419; Hall v. Hurd, 40 Kan. 374, 19 Pac. 802; Gilmore v. Gilmore, 270 Fed. 260; Phillips v. Central of Ga. R. Co., 20 Ga. App. 668, 93 S. E. 309; Gaines v. New York, 215 N. Y. 533, 109 N. E. 594; Pittsburgh, etc., R. Co. v. Bemis, 64 Ohio St. 26, 59 N. E. 745; Harris v. Davenport, 132 N. C. 697, 44 S. E. 406. We conclude that the case comes within section 190, C. O. S. 1921, and this action, having been commenced within one year from the dismissal of the former action, was not barred by the statute of limitation.

Upon authority of the holding in Dill v. Stevens, No. 16655, 141 Okla. 24, 284 Pac.

60, the judgment of the trial court as to the third cause of action is reversed, and the cause remanded, with direction to overrule the demurrer as to plaintiff's third cause of action, to reinstate the third cause of action only, the same being based upon certain allegations of fraud, and for other proper proceedings not inconsistent with this opinion, and the judgment is affirmed in all other particulars.

BENNETT, HERR, DIFFENDAFFER, and LEACH, Commissioners, concur.

By the Court: It is so ordered.