VANGUARD UNDERWRITERS INSUR-
ANCE COMPANY, a foreign insurance
corporation, and W. C. Butler, Jr., Peti-
tioners,

v.

The Honorable John M. AMICK, Associate
District Judge of the District Court of
Oklahoma County, Respondent.

No. 46648.

Supreme Court of Oklahoma.

July 17, 1973.

Kenneth R. Webster, McKinney, Stringer & Webster, Oklahoma City, Okl., Tom Shaw, Madill, Okl., for petitioners.

Woodrow H. McConnell, Oklahoma City, Okla., for respondent.

SIMMS, Justice.

In this action, petitioners, defendants in the trial court, seek a writ of prohibition against the respondent, judge in the trial court, to prohibit him from proceeding further in the instant case. The facts pertinent to this suit are set forth as follows.

On May 11, 1972, a jury rendered a verdict for plaintiff Vaughn against defendant Vanguard for $930.70 actual damages and $4,500.00 punitive damages; and against defendant Butler "—— actual damages and $4,500.00 punitive damages."

The trial court, respondent in this action, entered judgment for plaintiff against Vanguard in the amount of the verdict, but ordered the verdict against Butler stricken because it was "an improper verdict" and entered a judgment in favor of Butler.

On June 2, 1972, pursuant to the motion of defendant Vanguard, the trial court ordered a new trial in the case of Vaughn v. Vanguard.

No appeal was taken from any order entered on or prior to June 2, 1972. More particularly, no appeal was taken from the judgment in favor of Butler, thereby the judgment in favor of Butler becomes final.

On May 9, 1973, pursuant to an amended petition filed by Vaughn against defendant Vanguard only, a jury trial was held. After plaintiff rested, defendant Vanguard demurred to the evidence alleging that the

evidence showed that any cause of action against Vanguard was based on vicarious liability as a result of the acts of its agent Butler and that since a judgment had been rendered in favor of Butler one year earlier, the principal, Vanguard, was also released from liability. After argument on the demurrer, the trial court did the following: (1) Declared a mistrial, (2) Set aside the judgment entered a year earlier in favor of defendant Butler and attempted thereby to again make Butler a named defendant, (3) Overruled the demurrer of Vanguard.

There is only one issue that need be decided to dispose of this writ of prohibition: Was the trial court correct in vacating its judgment in favor of Butler rendered one year earlier and reinstating Butler in the case? It is not necessary to decide whether the trial court was correct in rendering judgment on the verdict in favor of Butler. The important fact is that it was done and not appealed from.

In Hawkins v. Hurst, Okl., 467 P.2d 159 (1970) this Court set forth the standard of the trial court's jurisdiction to vacate judgments:

"A District Court has full control of judgments rendered by it, during the term in which they are rendered, but, after that term has expired, is without jurisdiction to vacate or modify a judgment (which is not void on the face of the judgment roll) unless there is a substantial compliance with the provisions of the statutes which appear as 12 O.S. 1961, § 1031, and following."

Since the vacation of judgment in the instant case occurred one year after the judgment had been entered, this case does not fall within the rule that gives court full control to vacate judgments before the expiration of 30 days. Nor does this case come within any of the statutory grounds listed in 12 O.S.1961, § 1031 et seq., for vacating the judgment after the expiration of 30 days. Therefore, the only possible way the judge in the instant case could have vacated the judgment he had rendered a year earlier is if the judgment was void on the face of the judgment roll.

Title 12, O.S.1971, § 1038, provides that a void judgment may be set aside at any time. In LaBellman v. Gleason and Sanders, Inc., Okl., 418 P.2d 949 (1966), this Court set forth the standard for declaring a judgment void: The court rendering the judgment must lack either (1) jurisdiction of the parties; (2) jurisdiction of the general subject matter; or (3) jurisdiction of the particular matter which the judgment professes to decide. There is no question in the instant case of jurisdiction over the subject matter or the person. The question is whether the trial judge had the power to determine the validity of the verdict and render a judgment thereon.

The relief sought in the instant case was for actual and punitive damages. The trial court found that the jury did not return a verdict for actual damages against Butler. His finding was not appealed. Whether the trial court was correct in his finding is not before this Court. The important fact is that it was within the power of the trial court to render judgment on the verdict. That the court may have been incorrect in doing so would make the judgment an erroneous one and subject to appeal, but it does not make the judgment void and subject to vacation after the lapse of a year.

Likewise, when the trial court ordered a new trial with Vanguard standing alone as the defendant, no appeal was taken by Vaughn. The case did not come to trial until one year later. After the plaintiff had presented his evidence and rested, the court found that the evidence showed that any cause of action against the defendant Vanguard was based on the vicarious liability as a result of the acts of its agent Butler. The trial court agreed, but instead of sustaining the demurrer of Vanguard, the judge declared a mistrial and attempted to put Butler back into the case by setting aside the judgment rendered a year earlier.

This Court is unable to say whether there is any evidence of independent

liability on the part of Vanguard. No transcript of the evidence has been filed in the case. Moreover, a writ of prohibition is not a proper manner in which to seek review of the correctness of the trial court's judgment of the facts. That is a question for appeal.

The trial court is hereby prohibited from further proceedings against the defendant Butler.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, BERRY, HODGES and LAVENDER, JJ., concur.