**In the Matter of the ESTATE OF Maude Crooks MOUSE, Deceased.**

**Leo V. LaRUE, Jack LaRue, Jim LaRue, Bob LaRue, Alice Boileau and Helen Roberts, Appellants,**

**v.**

**Patrick T. CORNELL and George Powers, Co–Guardians of the Person and Estate of Lois LaRue Powers, an Incapacitated Person,**

**and**

**Stephen D. Beam, Special Personal Representative of the Estate of Maude Crooks Mouse, Deceased, Appellees.**

**No. 80594.**

Supreme Court of Oklahoma.

Dec. 7, 1993.

Ames & Ashabranner by David D. Morgan and Michael L. Tinney, Oklahoma City, for appellants.

Graft & Cabaniss by Ellis Cabaniss, Clinton, for appellees.

HODGES, Chief Justice.

The issue in this case is whether the District Court's order admitting the will to probate was a void judgment. It was not.

The trial court was correct in holding that the challenge to admission of the will to probate was time-barred.

The will of Maude Crooks Mouse was offered for probate by Lois LaRue and Helen Roberts on January 5, 1990. The will was hand written on a deed to a piece of land. It stated: "I Maude Crooks Mouse deed this property and all personal belongings to Lois LaRue Powers at my death." It was signed by Mrs. Mouse, dated March 23, 1979, and witnessed by Emma Owen.

Upon notice of the petition for probate, the surviving heirs signed quit claim deeds disclaiming any interest in the real property. Testimony indicated that the heirs signed the quit claim deeds because they were concerned about the validity of the will and they wanted the wishes of Mrs. Mouse to be followed.

The will was admitted to probate on January 22, 1990. Later, Mrs. Powers, the sole beneficiary, became incapacitated. A dispute arose among family members concerning the appointment of a guardian for Mrs. Powers. In September, 1992, the heirs filed their Objection to Distribution and Motion to Vacate Order Admitting Will to Probate. Their objection was based on section 1038 of title 12 of the Oklahoma Statutes which provides that a void judgment may be vacated at any time on the motion of any person affected.

The court denied the motion and issued a final decree on October 19, 1992, distributing the estate based on the will. The trial court held that the will was not invalid on its face and that the objection to probate was barred because the three-month limitation period for challenging the validity of a will had expired. *See* Okla.Stat. tit. 58, § 67 (1991).

Appellants have appealed the trial court's decision on the grounds that the will is invalid on its face for failure to meet the statutory requirements of a holographic will. Consequently, they argue that their challenge to the will was not time-barred because the judgment was void and may be vacated at any time.

 Appellants contend that the judgment was void because the court did not have the jurisdictional power to enter the order admitting an invalid will to probate. In order for a judgment to be void, this Court has held that "it must be void on the face of the record and that extrinsic evidence is not admissible to show [the] judgment is void on the face of the record." *Scoufos v. Fuller*, 280 P.2d 720, 723 (Okla. 1954). A judgment is void on its face if the trial court lacked either jurisdiction over the parties, jurisdiction over the subject matter, or jurisdictional power to render the particular judgment. Okla.Stat. tit. 12, § 1038 (1991); *State ex rel. Commissioners of Land Office v. Keller*, 264 P.2d 742 (Okla.1953).

 Section 1 of title 58 gives district courts the power to determine whether to admit a will to probate. Probate courts are courts of original general jurisdiction as to probate matters. *Stevens v. Dill*, 142 Okla. 138, 285 P. 845 (1930); *Dill v. Stevens*, 141 Okla. 24, 284 P. 60 (1930). Therefore, the District Court of Custer County had the jurisdiction to admit the will to probate.

In fact, Appellants do not question the court's power over the parties or the subject matter. Rather, they argue that the will can not be considered a will because it fails to meet the statutory requirements for a valid holographic will.

 Even if the district court was incorrect, a judgment is "no less conclusive because it is based upon a mistake of law." *Keller*, 264 P.2d at 747 (quoting *Fitzsimmons v. City of Oklahoma City*, 192 Okla. 248, 135 P.2d 340, 341 (1942)). An error does not render the judgment void. This court has stated that "[t]he important fact is that it was within the power of the trial court to render judgment on the verdict. That the court may have been incorrect in doing so would make the judgment an erroneous one and subject to appeal, but it does not make the judgment void...." *Vanguard Underwriters Ins. Co. v. Amick*, 512 P.2d 807, 808 (1973) (emphasis added). In the present case, the trial court had the requisite jurisdiction to make the judgment and, therefore, it was not void.

Because the judgment was not void, the only way Appellants could have challenged the court's order was pursuant to the statute for contesting wills. Appellants had the right to contest the admission of the will under sections 61 and 67 of title 58. However, no objection was raised during the statutory time frame. Appellants' objection was time barred because the three-month statute of limitation had expired. Consequently, this Court need not address whether the will meets the statutory requirements of a holographic will.

TRIAL COURT AFFIRMED.

LAVENDER, V.C.J., and SIMMS, HARGRAVE, OPALA, SUMMERS and WATT, JJ., concur.

ALMA WILSON, J., concurs in result.

OPALA, Justice, concurring.

The presence in a probate record of an admitted holographic will does not *ipso facto* translate into a facially void judgment roll in the case. If the court sitting in probate had jurisdiction of the parties and of the subject matter, it also had cognizance *either* to admit *or* to refuse admission to the propounded testamentary instrument, *i.e.*, it *had the power* to enter the very order here in contest *regardless* of whether its decision was legally wrong or error-free. The admission of a will that is facially void does not constitute an *infirmity* that *impairs* the court's *jurisdiction* to act as it sees fit on the probate issue clearly tendered for its resolution. At most, an *unwarranted* will's admission is legal error to be corrected in a *timely* appeal or within the time allowed for a statutory vacation proceeding. *Mayhue v. Mayhue*, Okl., 706 P.2d 890, 893–895 (1985).