NICHOLSON v. STITT
2022 OK 35
Case Number: 119270
Decided: 04/19/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 35, __ P.3d __

 

 

JASON NICHOLSON, JUSTIN HOOPER, CAEL BURGESS, DEREK HAIR, and others similarly situated, Plaintiffs/Appellants,
v.
KEVIN STITT, in his official capacity as Governor; STEVE KUNZWEILER, in his official capacity as District Attorney of Tulsa County; CAROL ISKI, in her official capacity as District Attorney of McIntosh and Okmulgee Counties; JACK THORP, in his official capacity, District Attorney of Wagoner County; MAX COOK, in his official capacity, District Attorney of Creek and Okfuskee Counties; ORVIL LOGE, in his official capacity, District Attorney of Muskogee County; PAUL SMITH, in his official capacity, District Attorney of Hughes County; MATTHEW BALLARD, in his official capacity, District Attorney of Mayes and Rogers Counties; THE CITY OF BEGGS; THE CITY OF BIXBY; THE CITY OF BOLEY; THE CITY OF BRISTOW; THE CITY OF BROKEN ARROW; THE CITY OF CATOOSA; THE TOWN OF CHECOTAH; THE CITY OF COWETA; THE TOWN OF CROMWELL; THE TOWN OF DEPEW; THE TOWN OF DEWAR; THE CITY OF DRUMWRIGHT; THE CITY OF EUFAULA; THE CITY OF GLENPOOL; THE TOWN OF HASKELL; THE CITY OF HENRYETTA; THE CITY OF HOLDENVILLE; THE TOWN OF INOLA; THE CITY OF JENKS; THE TOWN OF KELLYVILLE; THE TOWN OF KIEFER; THE CITY OF MANNFORD; THE CITY OF MORRIS; THE TOWN OF MOUNDS; THE CITY OF MUSKOGEE; THE CITY OF OILTON; THE CITY OF OKEMAH; THE CITY OF OKMULGEE; THE TOWN OF PORTER; THE CITY OF SAND SPRINGS; THE CITY OF SAPULPA; THE CITY OF TULSA; THE CITY OF WAGONER; THE TOWN OF WELEETKA; THE CITY OF WETUMKA; and THE CITY OF WEWOKA. Defendants/Appellees,
and
THE TOWN OF SUMMIT, Defendant.

ON APPEAL FROM THE DISTRICT COURT OF OKMULGEE COUNTY,
STATE OF OKLAHOMA
HONORABLE PANDEE RAMIREZ, DISTRICT JUDGE

¶0 Plaintiffs/Appellants Jason Nicholson, Justin Hooper, Cael Burgess, and Derek Hair (collectively, Plaintiffs) appeal the trial court's order dismissing their claims for money had and received against Defendants/Appellees Governor Kevin Stitt and certain district attorneys and municipalities which are alleged to be located within the boundaries of the Muscogee (Creek) Nation. Plaintiffs claim that, according to McGirt v. Oklahoma, ___ U.S. ___, 140 S. Ct. 2452 (2020), the State and municipalities did not have jurisdiction to prosecute them for crimes committed on the Creek Reservation. Plaintiffs argue their convictions are void ab initio and seek the return of fines and fees they paid to the State and municipalities. We affirm the trial court's order of dismissal. Plaintiffs' criminal judgments and sentences have not been vacated pursuant to the Post-Conviction Procedure Act, 22 O.S.2011 & Supp.2014 §§ 1080-1089. As a result, Plaintiffs have failed to state a claim for money had and received.

ORDER OF THE DISTRICT COURT IS AFFIRMED.

John M. Dunn and Kevin D. Adams, Tulsa, Oklahoma, for Appellants.

Jacqueline R. Zamarripa and Randall J. Yates, Oklahoma Attorney General's Office, Oklahoma City, Oklahoma, for Appellees Kevin Stitt, Steve Kunzweiler, Carol Iski, Jack Thorp, Max Cook, Orvil Loge, Paul Smith, and Matthew Ballard.

Andrew W. Lester, Shannon F. Davies, Courtney D. Powell, Anthony J. Ferate, Spencer Fane LLP, Oklahoma City, Oklahoma, for Appellees City of Beggs, City of Bixby, Town of Boley, City of Bristow, City of Catoosa, City of Checotah, City of Coweta, Town of Cromwell, Town of Depew, Town of Dewar, City of Drumwright, City of Eufaula, City of Glenpool, Town of Haskell, City of Henryetta, City of Holdenville, Town of Inola, City of Jenks, Town of Kellyville, Town of Kiefer, Town of Mannford, City of Morris, Town of Mounds, City of Muskogee, Town of Oilton, City of Okemah, City of Okmulgee, Town of Porter, City of Sand Springs, City of Sapulpa, City of Wagoner, City of Weleetka, City of Wetumka, and City of Wewoka.

Gerald L. Bender and R. Lawson Vaughn, City of Tulsa, Tulsa, Oklahoma, for Appellee City of Tulsa.

John J. Bowling and Alexander J. Sisemore, City of Broken Arrow, Broken Arrow, Oklahoma, for Appellee City of Broken Arrow.

KANE, V.C.J.: 

¶1 On July 9, 2020, the United States Supreme Court handed down its decision in McGirt v. Oklahoma, ___ U.S. ___, 140 S. Ct. 2452 (2020). The United States Supreme Court determined that Congress never disestablished the Creek Reservation in eastern Oklahoma and, therefore, it is "Indian country" for purposes of the Major Crimes Act, 18 U.S.C. § 1153. Under the Major Crimes Act, "[o]nly the federal government, not the State, may prosecute Indians for major crimes committed in Indian country." McGirt, 140 S. Ct. at 2478.

¶2 Relying on McGirt, Plaintiffs/Appellants Jason Nicholson, Justin Hooper, Cael Burgess, and Derek Hair (collectively, Plaintiffs) filed the underlying civil suit for money had and received. Plaintiffs seek to recover fines and fees they were ordered to pay as a result of allegedly unlawful prosecutions by the State and certain municipalities. We hold that the trial court properly dismissed Plaintiffs' claims for money had and received.

FACTS AND PROCEDURAL HISTORY

¶3 Less than a week after the United States Supreme Court decided McGirt, Plaintiffs filed the underlying civil action to recover money had and received against Defendants/Appellees Kevin Stitt, in his official capacity as Governor; Steve Kunzweiler, in his official capacity as District Attorney of Tulsa County; Carol Iski, in her official capacity as District Attorney of McIntosh and Okmulgee Counties; Jack Thorp, in his official capacity as District Attorney of Wagoner County; Max Cook, in his official capacity as District Attorney of Creek and Okfuskee Counties; Orvil Loge, in his official capacity as District Attorney of Muskogee County; Paul Smith, in his official capacity as District Attorney of Hughes County; Matthew Ballard, in his official capacity as District Attorney of Mayes and Rogers Counties; the City of Beggs; the City of Bixby; the City of Boley; the City of Bristow; the City of Broken Arrow; the City of Catoosa; the Town of Checotah; the City of Coweta; the Town of Cromwell; the Town of Depew; the Town of Dewar; the City of Drumwright; the City of Eufaula; the City of Glenpool; the Town of Haskell; the City of Henryetta; the City of Holdenville; the Town of Inola; the City of Jenks; the Town of Kellyville; the Town of Kiefer; the City of Mannford; the City of Morris; the Town of Mounds; the City of Muskogee; the City of Oilton; the City of Okemah; the City of Okmulgee; the Town of Porter; the City of Sand Springs; the City of Sapulpa; the Town of Summit; the City of Tulsa; the City of Wagoner; the Town of Weleetka; the City of Wetumka; and the City of Wewoka (collectively, the State and Municipalities). McGirt, the State and Municipalities should be required to refund all or at least a portion of the money acquired without lawful authority.

¶4 The State and Municipalities filed motions to dismiss. Collectively, they argued the claims should be dismissed because Plaintiffs were required to seek post-conviction relief under Oklahoma's Uniform Post-Conviction Procedure Act, 22 O.S.2011 & Supp.2014 §§ 1080-1089, the trial court lacked subject matter jurisdiction, Plaintiffs failed to state a claim for money had and received, and § 14 of the Curtis Act precluded Plaintiffs' claims. The State and Municipalities also asserted equitable defenses and argued that venue was improper. The motions to dismiss were heard together. The trial court granted the motions to dismiss on the basis of lack of venue, lack of subject matter jurisdiction, and § 14 of the Curtis Act. The trial court denied Plaintiffs' request for leave to amend their petition finding any amendment would be futile and dismissed the case with prejudice. Plaintiffs appealed, and this Court retained the appeal sua sponte.

STANDARD OF REVIEW

¶5 A district court's dismissal of an action is reviewed de novo. See Kirby v. Jean's Plumbing Heat & Air, 2009 OK 65222 P.3d 21Id. ¶ 5, at 24. A motion to dismiss for failure to state a claim upon which relief may be granted will not be sustained unless it appears without doubt that the plaintiff can prove no set of facts which would entitle the plaintiff to relief. Id. Thus, the Court must take as true all of the allegations in the challenged pleading together with all reasonable inferences that can be drawn from them. Id. Dismissal is appropriate only when there is no cognizable legal theory to support the claim or insufficient facts under a cognizable legal theory. Id.

¶6 Whether the trial court erred in denying Plaintiffs' request to amend their petition is reviewed for an abuse of discretion. See Prough v. Edinger, Inc., 1993 OK 130862 P.2d 7112 O.S.Supp.2018 § 2015Id.

ANALYSIS

¶7 In their motions to dismiss, the State and Municipalities argue this civil suit for money had and received is a collateral attack on a criminal conviction and that Plaintiffs are required to seek relief under the Post-Conviction Procedure Act, 22 O.S. §§ 1080-1089. Plaintiffs respond that, pursuant to McGirt, their convictions are void ab initio and that they are not required to seek post-conviction relief to vacate a void judgment and sentence. Plaintiffs write: "[T]he state convictions were made without subject matter jurisdiction, and are currently void, regardless of any collateral review (in fact, post-conviction review is not possible because there is no valid conviction to review)." During the hearing, Plaintiffs described McGirt as "self-executing," meaning if the State or its political subdivisions did not have jurisdiction under McGirt, a criminal defendant does not have to do anything to obtain relief from a void judgment and sentence. Plaintiffs assert that "[t]here's nothing left for a court to do."

¶8 Plaintiffs are correct that a judgment and sentence entered by a court without subject matter jurisdiction is void ab initio.McGirt. A final judgment and sentence can only be vacated through a timely appeal or by seeking post-conviction relief under the Post-Conviction Procedure Act. See 22 O.S.2011 § 1080Id. § 1080(b). Such "[a] proceeding is commenced by filing a verified 'application for post-conviction relief' with the clerk of the court imposing judgment if an appeal is not pending." Id. § 1081. The sentencing court then makes findings of fact to determine if, as a matter of law, it had jurisdiction under McGirt. Decisions from the sentencing court can be appealed to the Court of Criminal Appeals. See id. § 1087. If an individual is not successful in having the judgment and sentence vacated through a post-conviction relief proceeding, the judgment and sentence remains in force. The United States Supreme Court contemplated as much in McGirt, noting that "many defendants may choose to finish their state sentences rather than risk reprosecution in federal court where sentences can be graver. Other defendants who do try to challenge their state convictions may face significant procedural obstacles, thanks to well-known state and federal limitations on post-conviction review in criminal proceedings." McGirt, 140 S. Ct. at 2479.

¶9 Plaintiffs' position that a legal proceeding is not necessary to vacate a void judgment and sentence, albeit creative, is without merit. A void judgment has long been described as a "dead limb upon the judicial tree, which may be lopped off at any time." Pettis v. Johnston, 1920 OK 224190 P. 681McGirt decision want their state and municipal court convictions and sentences vacated, they must affirmatively challenge jurisdiction using the Post-Conviction Procedure Act.McGirt, the court imposing the sentence was without jurisdiction and that their judgment and sentence is vacated. That is preposterous.

¶10 Plaintiffs try to persuade this Court that they are not seeking to have their convictions and sentences vacated; rather, they are seeking a refund of monies paid pursuant to judgments that are void ab initio. Regardless of how creatively Plaintiffs plead their case, this civil suit is nothing more than an impermissible collateral attack on a criminal conviction and sentence.Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court examined this issue in the context of a § 1983 claim:

We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. 486-87 (footnotes omitted) (emphasis original).

¶11 Here, Plaintiffs' claims for money had and received are premised on the belief their state and municipal court convictions and sentences are void. Like the § 1983 claim in Heck, Plaintiffs must prove their convictions and sentences have been overturned to recover on their claim for money had and received. Plaintiffs' claims clearly bear a relationship to their convictions and sentences. The assertions made by Plaintiffs in their petition, their briefs responding to the State and Municipalities' motions to dismiss, and at the hearing indicate their convictions have not been vacated. A judgment in favor of the Plaintiffs for money had and received would necessarily imply the invalidity of their convictions and sentences. As a result, Plaintiffs' claims for money had and received are not cognizable as a matter of law.

¶12 An action for money had and received arises when one has received money which in equity and good conscience should be paid to another. See Sholer v. State ex rel. Dep't of Pub. Safety, 1995 OK 150945 P.2d 469

It is a well-settled principle of law that, if a party through mistake receives money to which he is not justly and legally entitled, and which he should not in good conscience retain, that the law regards him as a receiver and holder of the money for the use of the lawful owner, and raises an implied promise on his part to pay the same, and, on his failure to do so, the owner may maintain an action against him therefor.

Avery v. Abraham, 1926 OK 114243 P. 728See Farley v. City of Claremore, 2020 OK 30465 P.3d 1213Id. (quoting Myers v. Lashley, 2002 OK 1444 P.3d 553

¶13 Because we hold Plaintiffs have failed to state a claim upon which relief may be granted, we need not address Plaintiffs' other allegations of error.

¶14 We also affirm the part of the order denying Plaintiffs' request for leave to amend their petition.McGirt does not apply retroactively to void a conviction that was already final when the case was decided on July 9, 2020. See State ex rel. Matloff v. Wallace, 2021 OK CR 21497 P.3d 686McGirt was decided. As discussed above, the record on appeal indicates Plaintiffs' convictions became final prior to the McGirt decision and have not since been vacated. Therefore, we hold the trial court did not abuse its discretion by denying Plaintiffs' request to amend their petition. Any amendment would be futile.

CONCLUSION

¶15 Plaintiffs' claims for money had and received require a determination that their state and municipal court criminal convictions and sentences are invalid. Challenges to criminal jurisdiction are governed by the Post-Conviction Procedure Act, 22 O.S. §§ 1080-1089. Plaintiffs' convictions and sentences cannot be invalidated by the trial court in this civil action for money had and received. As a result, Plaintiffs have failed to state a claim upon which relief may be granted. We affirm the trial court's dismissal of the claims.

ORDER OF THE DISTRICT COURT IS AFFIRMED.

CONCUR: Darby, C.J., Kane, V.C.J., Winchester, Edmondson, Combs, Gurich, Rowe, and Kuehn, JJ.

CONCUR IN RESULT: Kauger, J.

FOOTNOTES

In re Estate of Mouse, 1993 OK 157864 P.2d 1284see Application of Russell, 1960 OK CR 61354 P.2d 485

See, e.g., Bosse v. State, 2021 OK CR 30499 P.3d 771in his application for post-conviction relief that "[b]ecause jurisdiction for Indian Country crimes rests exclusively in federal court, Oklahoma lacked jurisdiction to prosecute Mr. Bosse, and his convictions are void ab initio . . . ."); Martinez v. State, 2021 OK CR 40in his application for post-conviction relief that "[b]ecause the State of Oklahoma lacked jurisdiction, Mr. Martinez's convictions in the District Court of Comanche County are void ab initio and should be vacated and the charges dismissed.").

See, e.g., Dutton v. Midwest City, 2015 OK 51353 P.3d 532Okla. State Senate ex rel. Roberts v. Hetherington, 1994 OK 16868 P.2d 708

12 O.S.2011 § 2012

See supra note 5.