# SUPREME COURT OF TEXAS.

## TYLER TERM, 1884.

### I. & G. N. R'y Co. v. Susan A. Smith.

(Case No. 1307.)

1. STATEMENT OF FACTS — PRACTICE.— After the adjournment of a term of the district court, the district judge has no power to reopen his court and allow a motion, for leave to prepare a statement of facts within ten days after the adjournment of court, to be filed, and grant an order in accordance with the motion.
2. SAME — JURISDICTION.— When the statute allows a term of the district court to remain open until the business of the term has been disposed of, it is for the district judge to determine when the term shall be closed; but having determined and adjourned for the term, he cannot by order made in vacation reopen the court.

APPEAL from Smith. Tried below before the Hon. Felix J. McCord.

*W. S. Herndon,* for appellant.

*Robertson & Finley* and *T. O. Woldert,* for appellee.

WILLIE, CHIEF JUSTICE.— The appellee moves to strike out the statement of facts found in the transcript, because it was filed after the adjournment of the term at which the case was tried and no order allowing this to be done had been entered during the term.

It seems that a formal order adjourning the court for the term had been entered up, the minutes had been signed, and the judge of the court had gone to his home in another county, when, upon application of appellant's counsel, he returned, allowed a motion for leave to prepare a statement of facts within ten days after the adjournment of court to be filed, and granted an order in accordance with the motion.

The district judge has full power over the minutes of his court during the term, and, in exceptional cases pointed out in the statute, may, in vacation, amend orders made in term time; but we know of

no authority for his reopening court after its final adjournment, by an order made in vacation, and resuming the business of the term, as if it had never been closed. Much less has he the power to re-open the court, as was done in this instance, to allow a new motion in a cause to be made and acted upon. It is true that the statute allows the district court of Smith county to remain open till the business of the term has been disposed of. The judge of the court must determine for himself when this point has been reached, and when he has so determined and adjourned the court, his decision cannot be reversed and set aside by himself in vacation. For aught that appears in this record the entire business of the court had been disposed of when the adjourning order was made and the minutes signed. It does affirmatively appear that the matter for which the court was reconvened was one that was not pending at the time of the adjournment. No application had been made for leave to make up and file the statement of facts after adjournment. The court was therefore reopened after the business of the term had been con-cluded, for the purpose of having new matter presented to it, which, through inadvertence, had not even been filed in court before adjournment. This was not only unwarranted by law, but would work inconvenience and hardship in many cases to parties inter-ested in the business of the court. It would sometimes seriously affect other cases determined during the term. For instance, ap-peal bonds filed more than twenty days after adjournment, and statements of facts made up after adjournment without previous leave granted, would be validated. Numerous other illegalities might be caused by the exercise of such power, which it will not be necessary to mention, as they readily occur to every one. The motion must prevail and the statement of facts must be stricken from the transcript.

MOTION GRANTED.

[Opinion delivered October 9, 1884.]