ALEXANDER v. HARDIN.

Decided May 9, 1891.

1. *Guardian's sale — Confirmation.*
    A guardian's deed, executed in pursuance of an unconfirmed guardian's sale, passes no title.

2. *Ejectment — Equitable defense.*
    A confirmed guardian's sale, under which the purchase price was paid and possession delivered but no deed executed, conveys an equitable title and a right to the legal title which would be a sufficient defense in ejectment.

3. Feme covert *as guardian.*
    A sale of a minor's land by a guardian who is a married woman, made upon proper application, is valid against collateral attack after confirmation if the sale was made prior to the passage of section 3486 of Mansfield's Digest.

APPEAL from *Craighead* Circuit Court, Jonesboro District.

FRANCIS JOHNSON, Special Judge.

*N. W. Norton* for appellant.

The deed recited no authority to convey the ward's land. *Prima facie* it did not pass the ward's title. The sale was never confirmed. Incompetency in the party making the

sale is a jurisdictional defect. Freeman, Void Jud. Sales, sec. 10; 10 Tex., 319; 34 Miss., 314. At that time, it is true, there was no statute prohibiting a *feme covert* from acting as guardian, so we must see how the chancery courts dealt with a female guardian when she married. See 1 Beav., 347; 19 Ind., 88; 1 Paige, 488; 29 Miss., 195. This court will not extend the rule in 52 Ark., 344; 1 Wall., 636. The orders of December 18 were made after the sale, and they are not relevant.

*W. M. Randolph* for appellees.

1. Taking the deed and acknowledgment together, it sufficiently appears that the conveyance was by Mrs. Witt as guardian. 4 Kent, Com., pp. 334-6. It is ordinarily necessary to only refer to the power, and never required to recite it in words. 3 Johns. Chy., 551; 34 Ark., 534; 20 *id.*, 114.

2. The probate court has jurisdiction, and the manner and terms of the sale are wholly immaterial. 3 Head, 517.

3. The marriage of a *feme sole* guardian does not avoid the guardianship, but leaves it in force until some competent tribunal revokes the appointment. Schouler, Dom. Rel., p. 418. Mansfield's Digest, section 3486, was not passed until after the sale. Mrs. Witt was a guardian *de facto.* 13 S. W. Rep., 510.

4. When the sale was confirmed, all defects and irregularities were cured. 26 Ark., 421; 12 S. W., 703; 52 Ark., 341.

HUGHES, J. The appellant sued in ejectment to recover lands described in his complaint, which he claimed by inheritance from his father, James A. Alexander. Judgment was rendered for the appellee, Mrs. Lydia C. Hardin, the real defendant, from which he appealed.

Mrs. Hardin, in her defense to the action, admitted that she was in possession, and claimed to be the owner of the lands under a deed of conveyance, duly recorded, made to her by her husband, since deceased, on the 7th day of July, 1873, and averred that he derived title to the same by con-

veyance executed to him by Merrill Witt and his wife, Nancy Witt, who was formerly the wife and the widow of the said James A., and was the mother and guardian of appellant. She exhibited with her answer a copy of an order of the probate court of the county, made at the January term, 1872, upon her application as guardian of appellant, authorizing a sale of the lands, and appointing R. C. Wallace commissioner to make the sale, and a deed executed on the 4th of December, 1872, to W. D. Hardin by Mrs. Witt and her husband. Wallace never executed the order of the court, and she and her husband sold the lands at private sale to Hardin for $1000 in cash. On the 18th day of December, 1872, she as guardian made a report of this sale to the probate court, and an order was indorsed on the report confirming the sale, but the order was not entered of record. On the same day she filed her petition in the probate court, and prayed that the order of January, 1872, for the sale of the lands and appointing Wallace commissioner, be revoked, and that she, as guardian of appellant, be authorized to sell the same lands at private sale for cash. An order was thereupon made, revoking the order of January, 1872, and authorizing her as such guardian to sell the said lands at private sale for cash. On the same day she reported to the probate court that she had sold the lands at private sale for cash to W. D. Hardin, and had executed to him a deed; and the court made an order confirming the sale. The latter petition, the order of confirmation and the deed are exhibited with the answer of Mrs. Hardin.

1. Unconfirmed guardian's sale conveys no title.

The appellant excepted to the title exhibits filed with and relied upon in Mrs. Hardin's answer, and his exceptions were overruled, to which he excepted. The only deed to Hardin made by Mrs. Witt refers to the order of sale of January, 1872, and bears date prior to the order of December the 18th, 1872, for the sale of the lands; and as to it the exception should have been sustained.

2. Equitable defense in ejectment.

But the appellant has not been prejudiced by the failure to sustain the exceptions to it as a muniment of title, because

there was an order of sale on the 18th of December, 1872, a
report of the sale, and an order of confirmation of the sale
by the court, which are exhibited with the answer.   These,
coupled with the possession of Mrs. Hardin, gave her an
equitable title and the right to the legal title to the lands, if
the proceedings in the probate court on the 18th of Decem-
ber, 1872, and the sale thereunder, were valid when collat-
erally attacked.

It is insisted that these proceedings and the sale were
invalid because they were at the instance of and by a
guardian who was at the time a married woman.   The act
of the legislature (sec. 3486, Mansfield's Digest), providing
that the marriage of a female guardian should operate to re-
voke her appointment, was not passed until the year 1873,
after the sale had been completed under which appellee,
Mrs. Hardin, claims.   Mrs. Witt was appointed guardian
while she was unmarried, and the proceedings were had while
she was *feme covert*, no order of revocation of her appoint-
ment having been made.   Was she competent?  were her
acts void?

*3. Can a feme
covert be a
guardian?*

In *Palmer* v. *Oakley,* 2 Douglass (Mich.), 433, this ques-
tion is discussed at much length, the authorities are re-
viewed, and it is held that a decree of the probate court
appointing a *feme covert* guardian would bind until reversed,
and that the acts of such guardian would be valid; that at
common law a married woman was competent to be guardian
with the assent of her husband, but not without such assent;
that letters of guardianship granted to a wife without the
assent of her husband would be voidable merely and not
void; and that the husband's assent may be presumed unless
his dissent expressly appears.   In *Allen* v. *McCullough,* 2
Heiskell, 194, it is said that if the wife still acts as guardian
at the time of the marriage, and " continues to act after the
marriage, it is with her husband's assent, and is, in law, his
act."

The constitution of 1836 conferred upon the probate
court such jurisdiction relating to the estates of deceased

persons, executors, administrators and guardians, as may be prescribed by law, until otherwise directed by the general assembly.   Art. 6, sec. 10.   Section 180, chap. 4, of Gould's Digest (being a part of the act of the legislature of December 23, 1846), under which this sale was made, provided that "The probate court shall have power, upon the proper affidavit being filed as hereinafter provided for, to grant orders to executors, administrators and guardians, to sell any or all real estate belonging to any estate, not otherwise provided for."   Section 5 of article 7 of the constitution of 1868 provided that "The inferior courts of the State, as now constituted by law, except as hereinafter provided, shall remain with the same jurisdiction as they now possess."   The act of 1846, above referred to, was in force when the sale in this case was made.   That act vested in the probate court jurisdiction to order the sale of lands by a guardian at public or private sale, as the court in its discretion might direct. The probate court is a superior court, and its judgments, rendered in the exercise of its jurisdiction, cannot be collaterally drawn in question.   The confirmation of a sale made in pursuance of an order of the probate court, jurisdiction of the subject matter appearing, cures all defects or irregularities, unless it is attacked in a direct proceeding. *Fleming* v. *Johnson*, 26 Ark., 421 ; *Borden* v. *State*, 11 Ark., 519; *Sturdy* v. *Jacoway*, 19 Ark., 516; *Apel* v. *Kelsey*, 47 Ark., 419; *Adams* v. *Thomas*, 44 Ark., 270; *Shumard* v. *Phillips*, 53 Ark., 37.

The sale under which Mrs. Hardin claims in this case, having been ordered by the probate court upon the application of the guardian, reported to and confirmed by the court, must be treated as valid in a collateral proceeding.

The judgment is affirmed.

COCKRILL, C. J., did not participate.