GREER *v.* ANDERSON.

Opinion delivered March 28, 1896.

<div style="float:right">
62  213
173   41
</div>

GUARDIAN'S SALE—CONFIRMATION.—A sale of an infant's land by his guardian, under an order of the probate court, is a judicial sale, and is incomplete until confirmed by the court.

Appeal from Lee Circuit Court.

GRANT GREEN, JR., Judge.

*McCulloch & McCulloch*, for appellant.

1. The power of the probate court, at the time of the alleged sale, may well be challenged. Act Jan. 17, 1855; Act Dec. 23, 1846. But no title passed under the sale until confirmed by the probate court. 32 Ark. 97; 45 *id.* 41; 54 *id.* 480. A sale of real estate under an order of the probate court is a judicial sale. 19 Ark. 499; 26 *id.* 421; 32 *id.* 97; 47 *id.* 413; 53 *id.* 400. And in all judicial sales no title vests until confirmation. Rorer, Jud. Sales, secs. 1, 3, 5, 7, and 106; and cases cited, note to sec. 5.

2. No lapse of time will raise a presumption of confirmation, unless accompanied by possession of the purchaser under the sale. Rorer, Jud. Sales, secs. 13, 16, 107, 129, and cases cited.

*John J. & E. C. Hornor*, for appellee.

1. Under the laws in force at the time, no report of sale or confirmation was necessary. Gould's Dig., secs. 180, 181; Rorer, Jud. Sales, sec. 332; 24 Wend. 164; 13 Wend. 466.

2. Long acquiescence is sufficient ratification. 18 S. W. 935; Rorer, Jud. Sales, secs. 125, 135. Parties by their own acts may confirm the sale. 12 Am. & Eng. Enc. Law, 220; 3 S. & M. (Miss.) 493; 19 How. (U. S.) 69.

Wood, J. Plaintiff, Anderson, brought ejectment against defendant, Greer, for a tract of land in Lee county. Both parties deraign title from the heirs of one G. W. Wilcox, deceased. The plaintiff claims under a conveyance from the guardians of said heirs, and the defendant claims under a deed from one of these heirs, the sole survivor, after she became of age. The cause was tried and determined by the court below, sitting as a jury, upon the following agreed statement: "It is stipulated and agreed between the plaintiff and defendant that the records of the probate court of Phillips county, Arkansas, show no report of sale made by the guardians of Elizabeth J., Martha J., and Lucinda Wilcox, or confirmation made of such sale by said court, and that, if the deed of such guardians to Thomas M. Jacks, filed as exhibit D, or No. 1, to plaintiff's complaint, passed the legal title of such minors, without the confirmation of such sale by said probate court, then plaintiff is entitled to a verdict." The court made a general finding in favor of plaintiff, and rendered judgment accordingly.

1. A sale by a guardian under an order of the probate court is a judicial sale, and such sales are incomplete until they are reported to and confirmed by the court. *Apel* v. *Kelsey*, 47 Ark. 413; *Reid* v. *Hart*, 45 Ark. 41; *Guynn* v. *McCauley*, 32 Ark. 97; Rorer, Jud. Sales, secs. 1, 7, 13, 16, inclusive, and sec. 124, and authorities cited in note.

The guardian's sale upon which appellee relies was made under the act of 1846, which provides that the sale "shall be conducted as the court may direct, and upon terms approved by the court." Nothing more is required to show that the court is the vendor in sales made under the act. The contention that the purchaser would take a title if the deed showed that the order of the court had been fully complied with is unsound. Nor is it correct

to say that the sale had been confirmed in advance, pro- vided only the terms of the order were fully complied with. The deed itself does not show upon its face that the sale had been reported to and confirmed by the pro- bate court.

Under the act the guardian or other functionary designated by the court to make the sale receives direc- tions from, and is to make the sale upon terms approved by, the court. But the act of confirmation sets the seal of the court's approval upon what has been done—not upon what is to be done. It is just as essential for the court to approve what has been done, as to direct in the first instance how it shall be done. It is incongruous to speak of the court's having confirmed a sale before the sale takes place. It must be remembered that, in sales of this character, the whole matter after the sale remains *in fieri*, and under the control of the court, until confir- mation. Rorer, Jud. Sales, secs. 126, 128; 12 Am. & Eng. Enc. Law, 219, note; *Reid* v. *Hart, supra*.

Courts may generally be expected to confirm sales which have been conducted according to the directions and upon the terms prescribed by them, unless interven- ing circumstances should make it unwise or unjust to do so. But they are not compelled to confirm them, and no purchaser at such a sale has the right to rely abso- lutely upon the order of the court directing the sale, and the fact that the agent of the court has pursued the terms prescribed in making the sale. See authori- ties last cited, *supra*.

2. The doctrine of title by lapse of time, acqui- escence, or ratification, can not be invoked as against the true owner in possession. Rorer, Jud. Sales, secs. 125–135.

This disposes of the second contention of appellee's counsel. We find nothing in this record to justify the application of the doctrine they invoke.

Reversed and remanded.