### WHITE v. CHEATHAM et al.

No. 14679—Opinion Filed March 11, 1924.

Rehearing Denied April 22, 1924.

(Syllabus)

1. Courts—Stare Decisis—Guardian and Ward—Sale of Ward's Land—Notice of Hearing on Return of Sale.

On January 25, 1910, in the case of Eaves v. Mullen, 25 Okla. 679, 107 Pac. 433, this court had under consideration section 1282, Compiled Statutes of Oklahoma, 1921, being section 6386, Rev. Laws 1910 and being section 1667, Wilson's Statutes, 1903, which relates to the giving of notice by the county court of a hearing to be had on return of sale, and held and announced as a rule of property in the state of Oklahoma that "a compliance with the provisions of the statute. as to giving notice of such hearing" is not mandatory or jurisdictional, and as reasons for so holding the court said that such · had been the rule in both Indian Territory and Oklahoma Territory before statehood, and such holding of this court has never since then been overruled or expressly or intentionally modified by this court. We therefore hold it to be such a well-established rule of property in this state as to preclude this court from now reconsidering the weight of either reason or authority in support of the same.

2. Same—Jurisdiction—Absence of Notice.

When it is held that compliance with a statute providing for the giving of notice of a hearing is not jurisdictional, it follows that the degree of the failure to comply with its terms affects neither the rule nor the principle involved, and therefore in event no notice whatsoever is given thereunder, the court has the same jurisdiction which it would have in event full compliance with the terms of such statute had been had.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by Florence White, by R. H. Cone, guardian, against W. L. Cheatham and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Geo. S. Ramsey, E. L. Kirby, Edgar A. DeMeules, Malcolm E. Rosser, and Villard Martin, for plaintiff in error.

Cheatham & Beaver, Thrift & Davenport, and Hagen & Garvin, for defendant in error.

LYDICK, J. On January 8, 1910, one P. B. J. Hudson, as guardian of Florence White, a minor, executed a guardian's deed purporting to convey certain real estate of the minor to one Joe Abraham. The deed was duly recorded and the grantee placed in possession. Joe Abraham, in turn, conveyed the property to others. On June 27, 1922, Florence White remained a minor. H. R. Cone was her guardian, and on that day, and acting by and through her guardian, said minor filed this suit in the district court of Creek county against Joe Abraham and numerous other persons claiming title and interest to said land through said guardian's deed, praying for a cancellation of said guardian's deed and for other relief. The defendants demurred to the petition on the grounds that the same did not contain certain facts sufficient to constitute a cause of action. The district court sustained the demurrer, and upon refusal of plaintiff to plead further, dismissed the cause. Plaintiff excepted and brings the case here on appeal. The only facts appearing in the petition and necessary to consider here in order to dispose of the law questions involved in the case are these, to wit:

On November 23, 1909, P. B. J. Hudson was guardian of the person and estate of Florence White, a minor, by virtue of an appointment made by the county court of Creek county. On that date he filed, in form and manner required by law and in said county court, his return in writing showing that, pursuant to lawful order of said county court authorizing him so to do, he had sold the land involved herein as the property of the minor unto one Joe Abraham, and therein he prayed the court to set a date for hearing on said return. All the proceedings in the matter of this sale up to and including the filing of this return of sale are admitted to be legal and regular. Upon the filing of said return and upon said date, the county court made an order setting said return for hearing on December 6, 1909, and ordered statutory notice to be given of the hearing by posting notice of said hearing in three public places for ten days. Notices were posted accordingly, but without waiting for the 6th day of December to arrive, the court heard the return of sale on December 3rd, and on that date confirmed the sale and ordered the deed to issue. A few days afterwards, the deed was issued and recorded and purchaser put into possession. He, in turn, conveyed interests in said property to others, all of whom are made defendants in the district court and are in this court as defendants in error.

The sole question in the case is whether under the aforesaid facts the act of the county court in making, rendering, and entering its order of confirmation of said sale three days before the date fixed in the posted notices of the hearing on the return makes the order of confirmation and deed issued thereunder absolutely void in this collateral attack. The statutory provision applicable here is found in section 1282, Compiled Oklahoma

Statutes, 1921, which was section 6386, Rev. Laws 1910, and was found in Wilson's Statutes of 1903, sec. 1667. Same reads as follows:

"The executor or administrator, after making any sale of real estate, must make a return of his proceedings to the county court, which must be filed by the judge, at any time subsequent to the sale. The court or judge must fix the day for the hearing of such return, of which notice of at least ten days must be given by the judge, by notices posted in three public places in the county, or by publication in a newspaper, or both, as he may deem best, and must briefly indicate the land sold, the sum for which it was sold, and must refer to the return for further particulars. Upon the hearing, the court must examine the return and witnesses in relation to the same, and if the proceedings were unfair, or the sum bid disproportionate to the value, and if it appears that a sum exceeding such bid at least ten per cent, exclusive of the expenses of a new sale, may be obtained, the court may vacate the sale and direct another to be had, of which notice must be given, and the sale in all respects conducted as if no previous sale had taken place; if an offer of ten cent. more in amount than that named in the return be made to the court in writing, by a responsible person, it is in the discretion of the court to accept such offer and confirm the sale to such person or to order a new sale."

This court had a similar question before it in the case of Eaves v. Mullen, 25 Okla. 679, 107 Pac. 433. In that case, Mr. Justice Hayes analyzed the facts and issue therein involved, as follows:

"The sale in the case at bar was made on the 19th day of October, 1908, at public auction to the highest bidder. On the 20th day of October, a return of the sale was filed by the guardian with a prayer that the court enter an order setting said return for hearing, and that upon a hearing the sale be confirmed and proper deeds of conveyance ordered executed to the purchaser. The hearing on the return was set for October 30, 1908, and it was ordered by the court that 10 days' notice of such hearing be given by publication in a designated paper of the county and by posting notices in three public places in the county for 10 days before said hearing. The next regular term convened on the first Monday in the following January. The hearing of the return was therefore set and brought on before the first day of the next term after the sale. The decree of confirmation, a certified copy of which is attached to defendant's answer as an exhibit, recites that the required notice of 10 days preceding the day of such confirmation of sale was made as required by the order setting the return for hearing; but it is alleged in defendant's answer that only 9 days' notice was given, and the copies of proofs of publication attached to the answer

as exhibits support this allegation, and it is conceded, for the purpose of this proceeding, that only 9 days' notice was given. A valid decree of confirmation of the sale was necessary to pass title to the purchaser at the sale, from whom it is alleged plaintiff herein derived his title. Lumpkins v. Johnson, 61 Ark. 80, 32 S. W. 65; Greer v. Anderson, 62 Ark. 213, 35 S, W. 215; Alexander v. Hardin, 54 Ark. 480, 16 S. W. 264; Bone v. Tyrrell, 113 Mo. 175, 20 S. W. 790; Henry v. McKerlie, 78 Mo. 416; Woerner, Am. Law of Guardianship, p. 274.

"Does the failure to publish the notice of the date of the hearing on the return for the time prescribed in the order and by the statute render the decree of confirmation void on collateral attack? The answer to this question depends upon whether a compliance with the provisions of the statute as to giving notice of such hearing is mandatory and jurisdictional or is directory only. That all defects in a proceeding by a guardian for the sale of his ward's real estate will not render the proceeding an absolute nullity, and that some defects are mere irregularities which will require a reversal on appeal or a vacation of orders of sale and confirmation thereof on direct attack, but do not affect the validity of the sale on collateral attack, is generally agreed to by the courts. But as to what constitutes a jurisdictional defect, and what a mere irregularity, there is a sharp and irreconcilable conflict among the authorities. Many courts enforce the rule that every step in the proceeding prescribed by the statute is mandatory: that a failure or irregularity in the compliance with any of its provisions, such as notice of the hearing on the application for the order of sale, execution of special bond by the guardian, or notice of the confirmation, is fatal to the jurisdiction of the court to confirm the sale. Another line of authorities supports the rule that, upon the filing of a petition by the guardian setting out sufficiently the facts required by the statute to authorize an order of sale, the court obtains jurisdiction of the proceeding, and defects in the proceeding thereafter are irregularities which may be corrected on appeal, but cannot be made grounds of a collateral attack. Some of the text-writers declare that the former rule is supported by the weight of authority, and in this they are probably correct."

The language which we have italicized is of special importance here. This court after finding as above stated, then proceeded to quote and consider the decisions of the Supreme Court of Arkansas of controlling effect in the Indian Territory and gave special weight to the decisions of the Supreme Court of the United States, the court of last resort in the territory of Oklahoma, referring to the following cases, to wit: Grignon's Lessees v. Astor, 2 How. 319, 11 L. Ed. 283;

Mohr et al. v. Manierre, 101 U. S. 417, 25 L. Ed. 1052. Thereupon the court said:

"If we were not impressed with the reasoning by which the courts in the foregoing cases support their conclusions, there are other reasons that make the rule of those cases highly persuasive upon us. Many transactions in guardian's title conveyed under the statute now under consideration before the admission of the state occurred in that portion of the state formerly constituting Oklahoma Territory, and, while the appellate courts were never called upon to construe this identical statute after its adoption in the territory, the highest appellate tribunal of that jurisdiction, to wit, the Supreme Court of the United States, had, in Mohr v. Manierre, under a statute practically the same as ours, announced the rule that defects in the steps of a proceeding made subsequent to the acquiring of jurisdiction of a proceeding for the sale of real estate by a guardian were not fatal to the jurisdiction of the court. No doubt the many transactions in probate titles that have been made in Oklahoma Territory side of the state were made upon the presumption that, if the question was not settled by that decision, upon its being presented to that court under the statute of Oklahoma, the court would adhere to its former holding made under a similar statute; and, as to titles conveyed by guardians on the Indian Territory side of the state under the statute there in force the force of the decisions of the Supreme Court of Arkansas rendered prior to the adoption of the statute, and the rule of the Supreme Court of the United States, the court of final appellate jurisdiction of causes arising in that territory, would impel us in the absence of fraud, to hold that the decree of confirmation made before the admission of the state cured all irregularities and errors that occurred after the court acquired jurisdiction by the filing of the guardian's application for order of sale, from which no appeal was taken. By following the rule in Mohr v. Manierre and Grignon's Lessees v. Astor et al., we adopt a rule which may be applied with uniformity to all conveyances in probate proceedings, whether occurring in the Indian Territory or Oklahoma Territory, or in the state after its admission."

This court having in the beginning said that the validity of the deed depended upon "whether a compliance with the statute as to giving notice of such hearing is mandatory and jurisdictional, or is directory only," concluded that compliance with the statute in Oklahoma would not be held jurisdictional. The far-reaching effect of its decision was contemplated and intended, as it will be observed, in the closing lines of the court's opinion, the court effectively said that the rule it announced should be applied with uniformity to all conveyances made in the state either before or after

its admission to the Union. This rule the court there said was probably against the weight of authority, but it followed the same because it found it had become a rule of property in both territories comprising the state of Oklahoma. That decision was handed down by this court more than 13 years ago. It has never been overruled or expressly modified by any later decision of the court. If other opinions of this court on somewhat similar and analogous questions are at variance with that rule, no intent to overrule or modify the holding in that case as to this particular point was expressed or evidently intended. If this was already a rule of property 13 years ago, what is it now? Most able and exhaustive briefs of authorities and arguments have been filed and made by parties to this action and by amicus curiae. Doubtlessly hundreds of titles, void if we reversed this rule, have been made in this state and sold to innocent purchasers with reliance upon this rule, announced as a rule of property in Eaves v. Mullen. Regardless of the opinion of this court as now constituted, we are unwilling to bring the hazardous and unjust results which would follow the overruling of it now. If it is wrong, the remedy lies with the Legislature, whose acts will not have the retroactive effect on titles already made that would follow the reversal of that rule by this court. We hold to the rule for reasons stated.

The difference in the case at bar is that here no notice was given, while in Eaves v. Mullen the notice was given, but was insufficient and defective. The result here might easily have been worse than there, but in both cases no actual injury whatsoever appears to have been done. The difference in the two cases is only in the degree of possible harm, for there is no distinction to be made in the principle involved. In Eaves v. Mullen, supra, the court held that "compliance with the provisions of the statute" under consideration was not jurisdictional. That means nothing less than that the entire statutory requirement relating to such notice merits no consideration in determining whether the court had jurisdiction to confirm the sale. We therefore hold that the county court, with admitted jurisdiction over the person, had jurisdiction over the subject-matter and the judicial power to render the judgment confirming the sale. Said order of confirmation and the deed issued thereunder are not void on the collateral attack here made.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and COCHRAN, MASON, and WARREN, JJ., concur.