**McKINLEY et al. v. SALTER et al.**

No. 3869.

Court of Civil Appeals of Texas.   El Paso.
Nov. 2, 1939.

Rehearing Denied Jan. 4, 1940.

J. A. Lantz and Mayfield, Lantz & Mayfield, all of Tyler, for appellants.

Clayton Bray, of Longview, Florence & Florence, of Gilmer, Roy C. Ledbetter, W. H. Sanford, W. H. Francis, Walace Hawkins, and Conan Cantwell, all of Dallas, and Rufus S. Garrett, of Fort Worth, for appellees.

PRICE, Chief Justice.

This is an appeal from the judgment of the District Court of Gregg County. The judgment was entered in a consolidation of two cases numbered 11,275–A and 12,605–A on the docket of that court. These two cases were of the same nature and sought the same relief. Each was a proceeding by certiorari to set aside the same judgments and orders of the County Court of Gregg County in a guardianship proceeding in County Court numbered 1026 and entitled Guardianship of Grady McKinley, et al., Minors. In fact the petitions in the cases were in many respects identical, the only difference being that identical as well as additional grounds of attack were set forth in cause No. 12,605–A to those set out in No. 11,275–A.

The judgments and orders attacked by the petition were as follows: (1) An order of sale made by the County Court on the 4th day of February, 1928. This order directed the sale by M. F. McKinley as guardian of the two-fifths interest of the four minors in two tracts of land in Gregg County, Texas, one of twenty-five acres and the other of thirty acres. (2) An order made by said court on the 18th day of February, 1928 confirming the sale of the two-fifths interest of the minors, Grady, Eunice, Luther and Lewis McKinley, in said tracts of land to R. L. Salter for $360, and ordering the execution of a deed by the guardian on compliance of R. L. Salter with the terms of sale; (3) an order and decree of the County Court made on the 23rd day of March, 1936, in a proceeding by bill of review wherein plaintiffs here, or those in privity with them, sought to set aside orders one and two as set forth in this paragraph. The defendants in that proceeding are the defendants here, either in person or by privity. The decree denied plaintiffs therein the relief sought.

The grounds urged by appellants, hereinafter referred to as plaintiffs, in the consolidated suit were broadly and generally as follows: (1) that at the time the order of sale was made and likewise the order confirming the same, M. F. McKinley was temporary guardian only, and that citation or notice on the order making his appointment had neither been issued nor served; (2) that there was no necessity for a sale of the property; (3) that the property was sold for an inadequate price; (4) that the guardian was interested, in that he owned an undivided interest in the property sold; (5) that the application failed to allege a necessity for a sale of the property and that at the hearing no testimony was introduced to show the necessity for a sale; (6) that the sale was made in pursuance of an agreement between McKinley, before he was appointed guardian, and the purchaser Salter, that McKinley should seek to be appointed guardian, and, if successful, should sell the minors' interest to Salter for $360; (7) that McKinley never sought to obtain a better price for the property than $360; (8) that the order of confirmation of the sale was made in vacation and hence was void; (9) all or most of the above enumerated grounds were set up in the petition or amended petition in the bill of review proceeding in which judgment was entered on the 23rd day of March, 1936.

After the consolidation of the two cases the Magnolia Petroleum Company filed on October 10, 1938 its first amended original answer in the consolidated case. This answer was adopted by the other defendants other than those disclaiming and defendant M. F. McKinley as guardian. McKinley, as guardian, filed under leave of the court an answer setting up that for reasons personal to himself he did not join as party plaintiff; that the said cause was being prosecuted by Grady McKinley as next friend of the minor plaintiffs with his consent and approval.

It might be noted here that H. R. Smith, the next friend of the minors in the bill of review proceeding, was neither a party plaintiff nor a defendant in the consolidated suit.

The amended answer of defendant Magnolia Petroleum Company consisted of a general exception, special exception, general denial and a special plea in substance to the effect that the matters set up in plaintiffs' petition were mere irregularities; that the sale in question was fair, necessary, and for the best interest of the minors.

The trial was to a jury. On the 11th day of October, 1938 the court instructed the jury to return a verdict in favor of defendants. Judgment was rendered in accordance with the instructed verdict. Plaintiffs in due time filed motion for new trial and same was duly overruled, and appeal in due time perfected.

The facts of the case are practically undisputed. On the 5th day of January, 1928 M. F. McKinley filed in the County Court of Gregg County application to be appointed guardian of the estates of his minor children, Grady, then about sixteen years of age, Eunice, about fourteen years of age, Luther, about twelve years, and Lewis, about ten years. On January 12, 1928 Grady McKinley and Eunice McKinley filed in the County Court a written waiver of service and made choice of M. F. McKinley as their guardian. On January 17, 1928 the court entered an order appointing McKinley temporary guardian of said minors and fixed the amount of the bond at $1,000. The order further provided that notice should issue and unless the appointment was contested at the next regular term after the service of citation and notice same should be permanent. Appraisers were appointed in the order. January 23, 1928 McKinley filed his bond and oath and on the same day the County Judge approved same. On the same day McKinley filed application to sell at private sale the two-fifths interest of the minors in the two tracts of real estate hereinbefore mentioned. The application set up that the interest was undivided; that it would be more advantageous to the estate of the minors to sell such undivided interest in the real estate. On February 4, 1928 the court made an order reciting that notice had been given as required by law of the application, and that it was to the best interest of the minors to sell the land, and that the application was granted. A bond was required of the guardian in double the amount of the sale price of the land. The caption of this order was as follows:

"No 1026. Guardianship of Grady McKinley et al, Minors } In the County Court of Gregg County, Texas. In Vacation, February 4, 1928."

February 6, 1928 McKinley as guardian filed report of sale stating therein that he had sold the property to R. L. Salter for $360 on terms, one-third cash and the balance on credit, one-third in twelve months

and one-third in twenty-four months. February 18, 1928 the County Court entered an order confirming the sale. The caption of this order is the same as the caption on the order hereinbefore copied. On the same day, February 18, 1928, McKinley filed bond for the sale of real estate in the sum of $720, which bond was approved February 22, 1928. February 25, 1928 McKinley executed deed as guardian conveying the property to Salter. The deferred payments bore interest at the rate of eight per cent per annum and, were secured by a vendor's lien. These notes have been paid in the course of the guardianship.

The deed from McKinley as guardian to Salter recited that the order of sale and order confirming same were made in vacation.

On the 26th day of March, 1928 notice was issued on the order of appointment of McKinley as temporary guardian and served and executed in a legal manner, and on April 25, 1928 the court made an order that the guardianship be permanent.

The last order of the Commissioners' Court of Gregg County fixing the terms of the County Court was made on the 12th day of July, 1923. In substance it was that the court should convene on the second Monday in January and on the second Monday in April and on the second Monday in July and on the second Monday in September of each year and should continue in session for each term until the business may be disposed of. The order provided it was to become effective on September 8, 1923.

On the 9th day of June, 1934 McKinley, purporting to act as guardian, as father, custodian of the person and next of kin and next friend, and H. R. Smith, also purporting to act as next friend, filed the bill of review proceeding on behalf of the minors, Eunice, Luther and Lewis McKinley. Grady McKinley, being then of age, joined in the proceeding in his own right. The defendants were R. L. Salter, E. B. McFarlin, Magnolia Petroleum Company and Rio Oil Corporation. The purpose of the suit was to set aside the order of sale beforementioned and the confirmation thereof. The defendants all filed answers in the suit. February 5, 1928 plaintiffs filed an amended petition and on April 24th filed a second amended petition. This last amendment added A. L. Hughes, F. E. Stancil and J. I. Morgan as new defendants. A judgment was entered in said cause by the County Court on the 23rd day of March,

1936 reciting the appearance of all defendants and adjudging that plaintiffs take nothing. The parties to this bill of review were all of the parties whose interests could be affected by the orders and judgments assailed. All of the parties plaintiff in this bill of review proceeding were parties plaintiff in the consolidated suit in the District Court, and all of the parties defendant in the bill of review suit were parties defendant to the consolidated suit. To this general statement this modification should be made: J. I. Hill appearing as next friend in the bill of review suit was neither a party plaintiff nor a defendant in the consolidated suit and McKinley was a party defendant therein instead of plaintiff.

We will preface our further discussion of the case with the statement that in our opinion the attack made by plaintiffs on the orders and judgment of the County Court is direct and not collateral. Hill was not a party to the consolidated suit but he merely appeared as a nominal party. McKinley appeared in the consolidated suit as a party defendant. The making of him a party defendant was all that was necessary. The court very properly, we think, allowed the minor plaintiffs to appear by next friend. From the record, as we read it, it appears that all possible parties that are in any way affected are parties to this proceeding.

■ A certiorari proceeding instituted in the District Court to review and correct the judgment of the County Court for errors specified in the petition therefor is a direct attack on such judgment. Article 4329, R.S.1925; Tex.Jur., vol. 9, p. 21, § 2; Tex.Jur., vol. 21, p. 375, § 110; Linch v. Broad, 70 Tex. 92, 6 S.W. 751; Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325; Jirou v. Jirou, 104 Tex. 136, 135 S.W. 114.

In the decision of the question of power to render a judgment the character of the attack thereon becomes unimportant. If jurisdiction or power to render the judgment exists, then it may become of controlling importance whether the attack be direct or collateral. The questions tendered here largely involve potential jurisdiction and not jurisdiction dependent for its exercise on condition of service of notice, etc.

The first ground of attack urged by appellants against the orders and judgment sought to be annulled is that the County Court, in the administration of the estate of minors, has not the power through the instrumentality of a temporary guardian before the notice and citation have been is-

sued on the appointment, to sell the real estate of minors. It is further urged that an attempt on the part of the Legislature to invest the County Court with this power would violate the Fourteenth Amendment to the Constitution of the United States. The constitutional question will be briefly discussed later in the opinion.

■ The Constitution is a primary source of power of the County Court to manage and control estates of those under legal disability to act in their own right. Art. 5, Sect. 16, paragraph 2, provides: "The County Court shall have the general jurisdiction of a Probate Court; they shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis and common drunkards, grant letters testamentary and of administration, settle accounts of executors, transact all business appertaining to deceased persons, minors, idiots, lunatics, persons non compos mentis and common drunkards, including the settlement, partition and distribution of estates of deceased persons and to apprentice minors, as provided by law."

Article 5, Sect. 29 provides: "The County Court shall hold at least four terms for both civil and criminal business annually, as may be provided by the Legislature, or by the Commissioners' Court of the county under authority of law, and such other terms each year as may .be fixed by the Commissioners' Court; provided, the Commissioners' Court of any county having fixed the times and number of terms of the County Court, shall not change the same again until the expiration of one year. Said court shall dispose of probate business either in term time or vacation, under such regulation as may be prescribed by law. Prosecutions may be commenced in said courts in such manner as is or may be provided by law, and a jury therein shall consist of six men. Until otherwise provided, the terms of the County Court shall be held on the first Mondays in February, May, August and November, and may remain in session three weeks."

Further, the following Articles of the Statutes of 1925 are deemed applicable and are here set out:

Article 4134: "Whenever it appears to the county judge that the interest of any minor and his or her estate, or either, requires immediate appointment of a guardian, he shall, either in term time or in vacation, without citation and with or without written application therefor, appoint some suitable person temporary guardian of the person of such minor and his or her estate or either. Such appointment shall not take effect until such appointee has taken the oath and given the bond required by law. The appointment so made may be made permanent." .

Article 4135: "The order of the court in making such appointment shall state that unless the same is contested at the next regular term of the court, after notice, the same shall be made permanent."

Article 4136: "If such appointment is contested, the court shall hear and determine the same as the law and the facts require. During the pendency of such contest, the person so appointed as temporary guardian shall continue to act as such. If such appointment is set aside, the court shall require the person so appointed to make out and file in court a complete sworn exhibit of the condition of such minor's estate, and what disposition he has made of the same."

Article 4137: "Immediately after the appointment of a temporary guardian, the clerk of the court shall issue notice which shall state the name of the person appointed and when so appointed, and the name of the minor, or minor's estate, or both, which notice shall cite all persons interested in the welfare of such minor to appear at the term of court named in such notice, and contest such appointment if they so desire; and, that, if such appointment is not contested at the term of court so named in the citation, then the same shall become permanent."

Article 4138: "All the provisions of this title relating to the guardianship of the persons and estates of minors shall apply to temporary guardianship of the persons and estates of minors, in so far as the same are applicable."

Article 3373: "Whenever it appears to the county judge that the interest of an estate requires the immediate appointment of an administrator, he shall, either in open court or in vacation, by writing under his hand and the seal of the court, attested by the clerk, appoint a suitable person temporary administrator with such limited powers as the circumstances of the case may require; and such appointment may be made permanent, as herein provided."

Article 3379: "Temporary administrators shall have and exercise only such rights and powers, as are specifically expressed in the order of the court appointing them,

and any acts performed by them as such administrators that are not so expressly authorized shall be void."

Let us preface our discussion by the statement that it has never been determined whether or not under the circumstances shown by the record a temporary guardian has, under the direction of the County Court, the power to sell the real estate of minors. Judge German, in the conclusion of his opinion in the case of Carroll et al. v. McLeod, Tex.Com.App., 130 S.W. 2d 277, 282, said: "We do not wish to be understood as holding that Wall as temporary guardian could not, as agent of the Court, have been authorized to make sale of real estate. See Shumard v. Phillips, 53 Ark. 37, 13 S.W. 510; Alexander v. Pointer, 54 Ark. 480, 16 S.W. 264; and Baker v. Cureton, 49 Okl. 15, 150 P. 1090."

Our Constitution confers on the County Court general jurisdiction in the management, control and disposition of the estates of minors. See sections of Article 5 quoted supra; Weems v. Masterson, 80 Tex. 45, 15 S.W. 590; Ex parte Reeves, 100 Tex. 617, 103 S.W. 478; Hannon et al. v. Henson, Tex.Com.App., 15 S.W.2d 579.

That the County Court had the power of appointing McKinley temporary guardian of the estates of his minor children is beyond question. The sections of the statutes above quoted applicable confer the power and in a proper case command its exercise. It is equally clear that upon taking the oath he became such temporary guardian. The record herein shows that he was appointed by order duly entered in the Minutes of the County Court on the 17th day of January, 1928. Bond and oath were filed and approved on the 23rd day of January, 1928; that citation was issued on the order of his appointment and served ten days before the next regular term of the County Court, and that no contest was filed. Under the facts of the record as above narrated McKinley became temporary guardian on the 23rd day of January, 1928. See Articles 4134 to 4138, R.S.1925, quoted supra; Gann v. Kern et al., Tex. Civ.App., 249 S.W. 878, writ denied; Hannon v. Henson, Tex.Com.App., 15 S.W.2d 579; Burton v. McGuire, Tex.Com.App., 41 S.W.2d 238.

McKinley's appointment as temporary guardian and his qualification as such certainly empowered him to perform certain acts under the authorization of the Probate Court. It was in and of itself an assumption of present duties by the guardian of the estate of the minors. The mere issuance of citation would give no notice that the court had assumed jurisdiction of the estates of the minors. We are constrained to hold that the taking of the oath and filing of the bond conferred power and at the same time encumbered duty upon the guardian. The law providing for the appointment of a temporary guardian has this provision: "All the provisions of this title relating to guardianship of the persons and estates of minors shall apply to temporary guardianship of the persons and estates of minors, in so far as the same are applicable." Under this provision a temporary guardian has all the powers and duties of a guardian of minors given by law to a permanent guardian if applicable.

Article 4108, R.S.1925, is as follows: "The provisions, rules and regulations which govern estates of decedents shall apply to and govern such guardianships, whenever the same are applicable and not inconsistent with any provision of this title."

Articles 3373 to Article 3381, R.S.1925, provide for temporary administration of estates of decedents.

There are some analogies between the powers and duties of a temporary guardian, and likewise there are many differences. There is a similarity in that each may be appointed without notice. The tenure of each may become permanent if not contested under the conditions set down in the applicable statutes. Now as to the differences between these two temporary agencies of administration: a temporary guardian and a temporary administrator are provided for in separate and distinct sections of our statutes relating to administration. The limits of the authority of a temporary administrator are fixed and determined by what is conferred upon him in the written order of appointment. Art. 3379, R.S.1925. He may be an instrumentality for the exercise of such powers as the County Court may exercise through a temporary administrator only to the extent provided in the order of his appointment. It might be noted here that it has been held that a County Court has not the power to sell real estate through a temporary administrator. Cruse v. O'Gwin, 48 Tex.Civ.App. 48, 106 S.W. 757. The powers and duties of a temporary guardian may not be limited by the order of his appointment. Under express provision of Ar-

ticle 4138, quoted supra, he has the powers and duties, in so far as same are applicable, of a permanent guardian. The bond he gives is for the proper exercise of such power. The bond of a temporary administrator is in such sum as the County Judge may direct. This is a specific direction and the considerations determining the amount of a bond exacted will, of course, be determined by the County Judge with reference to the duties he must perform under the order of his appointment. The duties and powers of a temporary guardian are not fixed by the order of his appointment. See Article 4138. The bond he gives is the bond required by law. We go to the general law governing regular guardianship for the conditions of the bond, and the amount therein probably should be fixed under the same considerations that govern the amount of the bond of a regular or permanent guardian. It seems that in the absence of contest of his appointment no new bond would be required for a temporary guardian to become the regular guardian. Burton v. McGuire, Tex.Com.App., 41 S.W.2d 238. We think there is not such an analogy between the authority a County Court may exercise through a temporary administration and that it may exercise through a temporary guardian as should govern here. It is our opinion that the County Court has jurisdiction and power to order a duly qualified temporary guardian of the estate of a minor to sell an undivided interest in land. Shumard v. Phillips, 53 Ark. 37, 13 S.W. 510; Alexander v. Pointer, 54 Ark. 480, 16 S.W. 264; and Baker v. Cureton, 49 Okl. 15, 150 P. 1090.

The question, however, still remains: Granted that the Court has the power to make sale of the interests of minors through a temporary guardian, has it that power prior to the issuance and service of citation provided by law? Plaintiffs do not seriously question here that such a power exists, provided the notice and citation have been issued provided for in Article 4137, R.S.1925. It might be noted here that the law providing for notice does not concern or expressly exact personal service on minors fourteen years of age or over. That requirement is to be found in the general law applicable to guardian and ward.

If a temporary guardian cannot function as such until after the issuance and service of notice provided in the law providing for his appointment, then what is the purpose of his appointment? The County Judge is to appoint only in event it appears to him that the interests of the minor require the immediate appointment of a guardian. Why appoint a temporary guardian if he cannot function? In our opinion McKinley, upon the filing of his oath and bond, became temporary guardian from the moment he filed his oath and bond. Carroll v. McLeod, Tex.Com.App., 130 S.W.2d 277, supra.

The case of Wilkinson v. Owens, Tex. Civ.App., 72 S.W.2d 330, 334, has been carefully read and considered. In that case on September 27th an application was filed for appointment as temporary guardian. On the next day an application was filed for appointment as guardian, praying for citation thereon. Both of these applications sought guardianship of the person and the estate. On September 27th an order was entered in the Probate Minutes appointing the appellant applicant temporary guardian of the person and estate of the minors. On October 12th, applicant filed a bond as guardian of the estate of the minors, and on October 15th took the oath as guardian of the estate. On November 11th the court entered an order making the temporary guardianship permanent. On October 20th application to sell the land was made. This application was granted on November 21st and on November 27th the sale was confirmed. No notice was ever issued on the appointment as temporary guardian. In the course of the opinion this statement appears: "The court could proceed no further until notice was issued as provided by statute." The statement was made in reference to Article 4135. It was in the course of the discussion of the requisites to the appointment of a regular or permanent guardian. It is true that as to one of the minors the court did hold the order of confirmation void and the conveyance thereunder ineffective. The case persists in the conception that an order is necessary to constitute one appointed temporary guardian regular or permanent guardian, even though the requisite notice be given and no contest filed. Conveyance is upheld in the case as to the two minors who, on September 28th, were over fourteen years of age and on that date filed a waiver of citation and made written choice of C. E. Cook as their guardian.

The discussion in the opinion is not as to the power of the temporary guardian. It seems to assume that the power of convey-

ance depended on the order of November 11th making the guardianship permanent. In the case the attack seems to have been collateral. If we are correct in this, it conflicts in this particular with Carroll v. McLeod, supra. However, we are aware that some of the ideas expressed therein conflict with the ideas hereinbefore expressed.

In our opinion the exercise of the power by a County Court to confirm a sale theretofore ordered does not depend upon whether the notice provided for for the appointment of a temporary guardian be either issued or served. In a proper case the power exists independent of the issuance of the notice or the service thereof.

We come now to the consideration of the question as to whether or not the order of confirmation was made and entered in vacation or term time. In order to discuss this question it is necessary to endeavor to settle the only disputed question of fact in this case. This question only arises on the proper construction of the orders of the Commissioners' Court of Gregg County and the Minutes of the County Court and the recital in the deed from McKinley as guardian to defendant Salter. The substance of the order of the Commissioners' Court dated July 12, 1923 as to the terms of the County Court has been hereinbefore set forth. County Court commenced on the second Monday in January and on the second Monday in April and on the second Monday in July and on the second Monday in September of each year and continued in session for each term until the business could be disposed of. A proper construction of this order seems to be that it provided for four terms of the County Court of Gregg County and each term might continue for three months. If the January Term, 1928 had convened as provided by law it was in session on the 18th day of February, 1928 unless the Court had adjourned sine die before that time. We quote from the second syllabus in the case of International & G. N. R. Co. v. Susan A. Smith, 62 Tex. 185: "When the statute allows a term of the district court to remain open until all business of the term has been disposed of, it is for the district judge to determine when the term shall be closed." Supporting this statement might be cited Labadie v. Dean, 47 Tex. 90; Union Pac. Ry. Co. v. Hand, 7 Kan. 380, at page 238; Schofield v. Horse Springs Cattle Co., C.C., 65 F. 433.

The statement of facts does not show the Minutes of the County Court of Gregg County with reference to the adjournment of the January Term, 1928. The natural place to find such adjourning clause is in the authentication of the Minutes of the County Judge and County Clerk at the close thereof. We have hereinbefore set out the caption of the order of sale and the caption of the confirmation order. It is our view that the only necessary and essential part thereof is the style and number of the proceedings. The words appearing to the right thereof, "In County Court of Gregg County, Texas, In Vacation," are perhaps surplusage. We do not believe that in and of themselves these words, taking into consideration the place of their appearance, are sufficient to attest the formal act of the adjournment of court. Likewise it is believed that the recitals in the conveyance from McKinley as guardian to Salter are insufficient to show that the January Term, 1928 had adjourned.

But let it be assumed that we are in error as to the January Term being in session on the date of the order of sale and confirmation, and assume same was in vacation, Article 5, Section 29 of the Constitution provides in part: "Said court (the reference is to the County Court) shall dispose of probate business either in term time or vacation, under such regulation as may be prescribed by law." Let us assume further that this constitutional provision is not self-executing and it is the province of the Legislature to determine what matters must be determined in term time and what may be determined in vacation. If this assumption be correct, the determination of the question depends on a construction of the Acts of the Legislature applicable to guardianship sales. Article 4158 and Article 4177 of the Revised Statutes of 1911 were as follows:

Article 4158: "Whenever an application for the sale of real estate is filed, it shall be the duty of the clerk immediately to issue a citation to all persons interested in the ward to appear at a regular term of the court, to be named in such citation, and show cause why such application should not be granted; which citation shall state the property sought to be sold, and shall be served by posting, as in the case of sales of real estate of the estates of decedents, for at least twenty days before the first day of the term of the court to which such citation is made returnable."

Article 4177: "At any time after the expiration of five days from the filing of a report of sale, it shall be the duty of the court in which the same has been filed, at a regular term thereof, to inquire into the manner in which such sale was made, and to hear evidence in support of or against such report; and, if satisfied that such sale was fairly made and in conformity with law, the court shall cause to be entered upon its minutes a decree confirming such sale, and order the report of sale to be recorded by the clerk, and the proper conveyance of the property sold to be made by the guardian to the purchaser, upon compliance by such purchaser with the terms of sale."

The Thirty-Third Legislature in 1913 amended these articles to read as follows:

Article 4158: "Whenever an application for the sale of real estate is filed, it shall be the duty of the clerk to immediately call the attention of the judge of the court in which such guardianship is pending to the filing of the application, and the judge shall designate a day to hear such application, which may be heard in term time or vacation, provided, such application shall remain on file at least five days before any orders are made and the judge may continue such hearing from time to time until he shall have been satisfied as to the facts concerning the application."

Article 4177: "At any time after the expiration of five days from the filing of a report of sale, it shall be the duty of the court in which the same has been filed to inquire into the manner in which such sale was made, and hear evidence in support of or against such report and, if satisfied that such sale was fairly made and in conformity with law, and that the guardian has filed his bond as required herein, which has been duly approved by the court, the court shall cause to be entered upon the minutes a decree confirming such sale, and order the report of sale to be recorded by the clerk, and the proper conveyance of the property sold be made by the guardian to the purchaser, upon compliance by such purchaser with the terms of sale; provided that in cases pending at the time this law becomes effective and in which the guardian has a satisfactory bond filed, equal to twice the amount of all personal property of the ward and twice the amount of the real estate sold, he shall not be required to file a new bond."

See Acts 33rd Legislature, Regular Session, page 323 et seq.

Articles 4158 and 4177 as amended are respectively substantially Article 4198 and Article 4216 of the Revised Statutes, 1925. It needs no construction to determine that Article 4158, as amended, does away with the prior requirement that the guardian's sale must be ordered in term time.

A more difficult question is presented as to Article 4177, as amended, carried forward in the revision of 1925 as Article 4216 thereof. Article 4177, as amended in 1913, omits the specific requirement that the action of the court be at a regular term thereof. It is to be noted that it further provides specifically "At any time after the expiration of five days from the filing of a report of sale, it shall be the duty of the court," etc. However, it does not require "in the event the sale be approved by the court, the court shall cause to be entered a decree confirming such sale." The clause last quoted is common to Article 4177 and as amended in Article 4216, Revised Statutes, 1925. The literal words of Article 4216, 1925, are "At any time after the expiration of five days," etc. "At any time" might mean either in term time or vacation. If these literal words are to be limited in their application to such time as there is a regular term of court in session, it must be so on account of the context. As before stated, in amending the article, the Legislature omitted the words "at a regular term." Article 4158, R.S.1911, provided for citation on application for order of sale and Article 4159, R.S.1911, provided in substance that no sale shall be ordered unless citation be issued and served. The amendment of 1913 so amended 4158 as to do away with the requirement of hearing in term time and the issuance of citation, and specifically repealed Article 4159. The initiatory step for sale of real estate in a guardianship proceeding is the application by the guardian for an order of sale. No citation was required in 1928 in order to invest the court or judge with the power to order a sale. Under the procedure provided for in Articles 4158 and 4159, R.S.1911, notice was given that a sale was sought and, if ordered, in due course there would be a report of sale upon which the court must act. The provision of Article 4177, R.S.1911, that the action must be in term time was of some importance then, in that with some

degree of certainty it fixed the time of the action of the court. After the amendment of Article 4158, confining the confirmation to a term of court could be of little value to anyone in so far as notice was concerned. Under the procedure outlined by Articles 4195 and 4216, Revised Statutes, 1925, the sale might be consummated by the court or judge without actual notice to anyone save the guardian, the purchaser and the witnesses. The only real notice, if such be required, was the notice imputed from the fact that the court, through the agency of the guardian, was administering the property of the minors. The articles of the Constitution quoted supra give the Legislature power to authorize the county courts to function in either term time or vacation. See, also, Ex parte Reeves, 100 Tex. 617, 103 S.W. 478, supra. The apparent deliberate elimination from a former law requiring the confirmation to be in term time, the repeal of the law in regard to the necessity of notice on the application for the sale of the property and the further fact that the Legislature had the power to authorize and compel the county court to function as such in probate matters, lead us to the conclusion that the law authorized the county court to pass upon the confirmation of this sale in vacation. The judgment of the County Court of Gregg County confirming the sale, whether in term time or vacation, was a warranted and valid exercise of jurisdiction.

It might be contended that the law as to sale by administrators governs here. On an application for sale of real estate by an administrator citation must issue. See Article 3567. Further, under Article 3569, the court is specifically confined to a regular term of the county court for a hearing of such application; likewise, under Article 3584 it is specifically provided that a hearing as to the confirmation of the sale must be in term time. Article 4108, R.S.1925, makes the rules and regulations governing the estates of decedents apply to guardianship whenever applicable. The terms of said Article 4108 make the provisions as to the sale of real estate by administrators inapplicable to sales by guardians in the matters herein under consideration. Sales by administrators in these respects are specifically regulated by statutes applicable to them, and sales by guardians are regulated by specific statutes applicable thereto.

In regard to Article 3302, R.S.1925, it is deemed, taking into consideration the circumstances under which Article 4216, R.S. 1925, was amended, that same limits Article 3302, and that 4216 is a specific provision to act in the matter of confirming of a sale in vacation.

Plaintiffs contend that the construction we have placed upon the statutes that the Probate Court may sell land through a temporary guardian before notice of the appointment of such guardian has been issued or served would cause said statutes to violate the due process of law provision of the Fourteenth Amendment to the Constitution of the United States. The provision of the Fourteenth Amendment relied upon is as follows: " * * * nor shall any State deprive any person of life, liberty, or property, without due process of law; * * *."

Proceedings for the appointment of a guardian are not adversary in their nature. A jurisdiction when exercised is exercised to preserve and protect the estate of the ward. The county judge, without application, is authorized to make the appointment under Article 4134, R.S. 1925. In this case the applicant was the father of the minors, having, in the absence of disqualification, prior right to the appointment as regular guardian. In the nature of things he was the person primarily interested in the welfare of the minors. The fidelity of his acts was guarded by two bonds before the final confirmation of the sale. The case of Whittelsey v. Conniff, 266 Mo. 567, 182 S.W. 161, 163, 1 A.L. R. 913, clearly and amply states out view of the law involved. It was there stated: "Appellants say that the sale of a minor's land by a curator who was appointed without any notice to the minor of the application for such appointment is a violation of constitutional law in two respects: First, that it violates the federal Constitution by denying to him the equal protection of the laws; second, that it violates the state Constitution by taking his property without due process of law. There is one answer to be made to both those propositions: When the Legislature, as parens patriæ, takes from a minor the power to dispose of his property, and, through the instrumentality of the probate court and a curator, sells that property for the purposes of his education and support, it does not deny to him the equal protection of the laws, but gives him the benefit of laws especially designed

for his protection; it does not take from him his property, but used it for his benefit."

▮ It is to be further borne in mind that the two minors entitled to act in their own right in the matter of appointment designated their father as guardian. On the whole, the proceedings, so far as shown by the record, show a careful regard for and observance of the many safeguards prescribed by law to protect minors. If any deviations there were therefrom, same in no way affected the real rights of the minors. Each minor owned a one-tenth interest in two small tracts of land. It is common knowledge that an entire interest in a tract of land can naturally be sold to a greater advantage than by sale of an undivided interest therein. The law of guardian and ward makes the ownership of an undivided interest a valid ground for sale of the real estate of a minor. The record fails to show that $360 was other than a full and fair value of the land. We feel that under the law applicable the sale should be upheld.

There is a question of practice raised by appellees that merits consideration. It is contended that, having prosecuted the bill of review proceeding to final judgment and given notice of appeal, plaintiffs may not again attack the judgment by certiorari. In other words, that certiorari and bill of review are alternative remedies and not cumulative, and the prosecution of one precludes resort to the other.

▮ The orders here attacked by certiorari were obviously attacked in the County Court by bill of review. In that proceeding the judgment was adverse to the plaintiffs here and notice of appeal was given and a record thereof appears in the judgment. Here the judgment in the bill of review proceeding is necessarily attacked along with the confirmation order. One of the reasons that two years are given for the filing of a bill of review in the Probate Court or an attack by certiorari is to be found in the very nature of guardianship proceedings. The proceedings are in a large measure purely administrative in character. Most of the orders are made on notice that is constructive in character and are made in proceedings ex parte in nature. It is true that an attack on the former order of the County Court by bill of review is in its nature adversary. All parties affected by the order are, or at least should be, before the Court and have actual notice of the proceeding. Further, the policy of the law is to limit the period of attack by bill of review or certiorari by one not under disability to two years from the date of the order. If the judgment in the bill of review proceeding may be reviewed by certiorari, for all practical purposes the period is extended to four years, in which there may be a lack of immunity from attack on an order of the County Court. Be that as it may, Article 932, R.S. 1925, is as follows: "Any person interested in the estate of a decedent or ward may have the proceedings of the county court therein revised and corrected at any time within two years after such proceedings were had, and not afterward. Persons non compos mentis, infants and femes covert shall have two years after the removal of their respective disabilities within which to apply for such revision and correction."

We are inclined to believe that the judgment in the bill of review case is a proceeding in the estate of a ward and as such comes within the very terms of Article 932.

We want to express to the attorneys for all parties to this appeal our appreciation of the able presentation of the matters involved. The assignments of error are brief, clear and concise. The propositions urged thereunder are likewise applicable thereto and characterized by brevity and clearness. The same is true of the counter propositions urged by the appellees. The discussion of the principles involved in the briefs of the parties have in all respects been frank and candid.

Judgment is affirmed.