Jim **HERRING**, Appellant,

v.

**STATE** of Oklahoma ex rel., the OKLAHOMA TAX COMMISSION; Claudette Henry, State Treasurer; the State Insurance Fund; the Special Indemnity Fund; the Oklahoma Department of Labor; the Honorable Susan Loving, Attorney General; and the State Department of Vocational and Technical Education, Appellee.

No. 83380.

Supreme Court of Oklahoma.

March 28, 1995.

Barry K. Roberts, Norman, for appellant.

Andrew Tevington, Asst. Atty. Gen., Oklahoma City, for appellees State, ex rel. Oklahoma Tax Com'n, Claudette Henry, State Treasurer, Oklahoma Dept. of Labor; Hon. Susan Loving, Atty. Gen., and State Dept. of Vocational and Technical Educ.

Thomas L. Spencer, York & Slater, Oklahoma City, for appellee State Ins. Fund.

Richard A. Mildren and Barbara Green, Riggs, Abney, Neal & Turpen, Oklahoma City, for appellee Special Indem. Fund.

HODGES, Justice.

On February 2, 1993, the Oklahoma Workers' Compensation Court awarded the plaintiff, Jim Herring, $173.00 per week for twenty weeks for a total of $3,460.00 against the Special Indemnity Fund (Fund). The award was the result of a finding that the claimant was a "previously physically impaired person" at the time of the latest compensable injury on May 29, 1990. The award was not appealed and became final. Later the same month, the plaintiff attempted to collect. Because of insufficient resources in the Fund's account, he did not receive payment for the award until March 20, 1994.

Workers' compensation insurers pay a sum equal to five per cent of the amount of total disability payments to the Oklahoma Tax Commission (Commission). Another five per cent of the amount of total disability payments is withheld from a claimant's compensation and remitted to the Commission. *See* Okla.Stat. tit. 85, § 173(A) and (C) (Supp. 1993). The Commission then pays the collected funds to the State Treasurer. *Id.* at § 173(J). At the time of the injury and award in this matter, the entire amount collected under section 173 was credited to the Fund. *Id.* at § 173(J) (1991).

In 1993, section 173(J) was amended. 1993 Okla.Sess.Laws ch. 349, § 16. The 1993 amendment provided, beginning January 1, 1994, ninety percent of the funds collected

pursuant to section 173 would be credited to the Fund, five percent to the Department of Labor, two and one-half percent to the Attorney General's Office, and two and one-half percent to the State Department of Vocational and Technical Education.

The plaintiff filed suit in the district court asking the 1993 amendment to section 173(J) be declared unconstitutional because it impermissibly impaired his vested rights by diverting moneys from the Fund.[1] The Fund filed a motion for summary judgment arguing, among other things, that the plaintiff lacked standing. The defendants presented an affidavit stating that under the 1993 amendment the plaintiff would receive his compensation in March of 1994, and that under the pre–1993 amendment he would have likewise been paid in March of 1994. The plaintiff filed a response and cross-motion for summary judgment. The plaintiff submitted a statement of the income of the Special Indemnity Fund for 1993 along with a projected monthly decrease for 1994. However, the statement does not reflect the cause of the decrease is attributable to the amendment to section 173(J) nor does it suggest the plaintiff's payment would be delayed as a result of the 1993 amendment. The plaintiff did not submit any other evidentiary material.

The district court found that the plaintiff had a vested property right in his award but did not have a vested property right in any particular funds. The district court granted the defendant's motion for summary judgment holding the 1993 amendment to section 173(J) constitutional.

 In *Hendrick v. Walters*, 865 P.2d 1232, 1236–37 (Okla.1993), this Court stated for a litigant to have standing there must be "(1) an actual or threatened injury . . ., (2) some relief for the harm [that] can be given, and (3) an interest [that is] within a statutorily or constitutionally protected zone." "[T]he plaintiff seeking redress [must have] suffered, or is threatened with, some 'distinct and palpable injury' and . . . there [must be] some causal connection between the alleged injury and the actions being challenged."

*Seal v. Corporation Commission,* 725 P.2d 278, 283 (Okla.1986). The issue of standing may be raised at any stage of the judicial process either by the parties or by the court. *Hendrick,* 865 P.2d at 1236.

 In this case, the Fund has presented evidentiary material that the 1993 amendment to section 173(J) has not caused any delay in the plaintiff's being compensated. The plaintiff has not filed any evidentiary material which shows that this issue is disputed.

 Rule 13(b) of the Rules for District Courts, Okla.Stat. tit. 12, ch. 2, app. 1, rule 13(b) (1991), provides: "All material facts set forth in the statement of the movant which are supported by admissible evidence shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the adverse party which is supported by admissible evidence." Because the plaintiff did not submit any evidentiary materials to controvert the fact that his payment would not be delayed by the amendment to section 173(J), it is deemed admitted. The plaintiff has not shown he has suffered any injury resulting from the 1993 amendment to section 173(J). Thus, the plaintiff lacks standing to bring this action.

Because this Court finds that the plaintiff lacked standing to bring this action, we need not address the constitutionality of section 173(J) as amended. The judgment of the district court granting summary judgment in favor of the defendants is affirmed.

AFFIRMED.

HODGES, LAVENDER, HARGRAVE, OPALA and WATT, JJ., concur.

SIMMS, J., concurs in judgment.

SUMMERS, J., concurs in judgment with statement.

KAUGER, V.C.J., concurs in part, dissents in part, and joins SUMMERS, J.

ALMA WILSON, C.J., dissents.

---

**1.** Plaintiff's other arguments made in the district court have been abandoned on appeal.

SUMMERS, Justice, concurring in judgment:

I concur only in the affirmance of the judgment in the district court.