1997 OK CIV APP 71

**In the Matter of the ADOPTION OF J.L. and E.L.,**

**John W. LAMPSON and Sylvia Ann Lampson, Petitioners/Appellees,**

v.

**John D. LAMPSON and Denise A. Lampson, Respondents/Appellants.**

No. 88268.

Court of Civil Appeals of Oklahoma, Division No. 3.

Oct. 17, 1997.

William W. Choate, Seminole, for Respondents/Appellants,

M. Bradley Carter, Rob L. Pyron, Seminole, for Petitioners/Appellees.

## MEMORANDUM OPINION

CARL B. JONES, Presiding Judge:

¶1 Appellants, the natural parents of J.L. and E.L., appeal from three separate orders. They appeal from the separate adoption decrees of J.L. and E.L. and from an order denying a motion that, in effect, sought to vacate a 1988 order terminating their parental rights to J.L. and E.L.

¶2 Appellees are the natural grandparents of J.L. and E.L. They were appointed legal guardians of J.L. and E.L. in October, 1988, following the termination of the parents'/Appellants' parental rights. Appellants did not appeal the termination order. In 1996, the grandparents/Appellees filed a petition to adopt J.L. and E.L. without the consent of the natural parents as authorized by 10 O.S.Supp.1993 § 60.6(1). Appellants filed an objection, arguing that they were "better fit and better situated" to care for the children and that it would be in the children's' best interests if their parental rights were restored. Nevertheless, at the next hearing, the court determined the children eligible for adoption without the parents' consent. Parents then attempted to have themselves determined eligible to be adoptive parents.

This was also unsuccessful. The decrees of adoption followed thereafter.

¶ 3 Between the time of the order determining eligibility for adoption without parental consent, and the adoption decrees, Appellants filed a pleading in the District Court of the county where their parental rights had been terminated[1] which sought to vacate the 1988 termination order and allow the filing of a petition to restore their parental rights. Following a hearing the court denied the motion, finding it barred by statute and case law. Now, on appeal, Appellants contend the adoption should not have been allowed because the 1988 Tulsa County termination order was somehow defective; the court in Tulsa County abused its discretion in denying Appellants' access to confidential records from the 1988 termination case; the timing of a DHS home study should invalidate the first adoption; and, that 10 O.S. § 60.6 is unconstitutional. The merits of these arguments do not reach us.

### TERMINATION ORDER

■ ¶ 4 The order terminating Appellants' rights was filed in November, 1988. It was a final appealable order which was not appealed from. 10 O.S.1981 § 1130(C) (renumbered as 10 O.S.Supp.1995 § 7006–1.1(B)). An order terminating parental rights, although not modifiable, may be subject to vacation upon appropriate grounds. *Matter of Meekins*, 1976 OK CIV APP 32, 554 P.2d 872. The Motion to Vacate in the instant case was not brought pursuant to 12 O.S.1991 § 1031 et seq., and if it had been it would have been barred by the limitations provisions of § 1038. Appellants' only chance for vacation of the termination order would be by showing the order to be void. 12 O.S.1991 § 1038 (void order may be vacated at any time on motion of any person affected thereby).

■ ¶ 5 A judgment is void, as distinguished from voidable, when it is void on the face of the judgment role or record without resorting to extrinsic evidence. *Matter of Estate of Mouse*, 1993 OK 157, 864 P.2d 1284, 1286. A judgment is void on its face if the record affirmatively shows that the trial court lacked either jurisdiction over the parties, jurisdiction over the subject matter or jurisdictional power to render the particular judgment. *Id.; Graff v. Kelly*, 1991 OK 71, 814 P.2d 489, 492. The order here reflects that the parents were present at the termination hearing as was their attorney. It found the children were adjudicated "deprived" on December 17, 1986, that the court had jurisdiction over the parties and subject matter, that various witnesses testified, that clear and convincing evidence was presented that the parents' parental rights should be terminated as to J.L. and E.L., and that such termination was in the best interest of those minor children. The record on appeal does not contain any of the termination case file from prior to the termination order. There are no jurisdictional infirmities shown on the face of the termination order or from the record therewith. This attack on the 1988 termination order is futile. The order denying Appellants' motion to vacate that termination order is accordingly affirmed.

### ADOPTION DECREES

■ ¶ 6 To the extent Appellants appeal from the adoption decrees, their appeal is dismissable. The adoptions were accomplished under the authority of 10 O.S.Supp. 1993 § 60.6 which provides exceptions to the requirement of parental consent to adoptions. Parental consent was not required in the instant case because the parental rights of the parents had previously, in 1988, been terminated. This is the first statutory exception in § 60.6.[2]

---

1. The adoption proceedings were in Seminole County. The termination of Appellants' parental rights was in Tulsa County. Without discussing the propriety of appealing two orders from separate cases in separate counties, the Supreme Court granted Appellants request to amend their Petition in Error to subject the ruling in the County cast to review in this case as well. We are bound by that order.

2. "A child under eighteen (18) years of age cannot be adopted without the consent of its parents, if living, except that consent is not required from:

1. A parent whose parental rights have been terminated pursuant to the provisions of Sections 1130, 1131 or 29.1 of this title; ..."
10 O.S. Supp.1993 § 60.6.

¶ 7 Even if a parent's consent to an adoption under § 60.6 is unnecessary, that parent is ordinarily still entitled to notice of the adoption hearing. 10 O.S.1991 § 60.7(B). Section 60.7(C), however, states specifically that notice is not required to be given to a parent whose parental rights have previously been terminated. This statute, notwithstanding, the natural parents were apparently notified of the adoption proceedings and filed objections thereto. Their attorney also participated in the hearing to determine the eligibility of the children for adoption without the consent of the natural parents. Their involvement below does not, however, give the natural parents an appealable interest in this case.

¶ 8 Title 10 O.S.Supp.1996 § 60.19(A) provides that, "An appeal may be taken from any ... decree rendered pursuant to the Oklahoma Adoption Act ... by any person aggrieved thereby ...". If the Appellants are not "aggrieved parties" they have no standing to appeal. An "aggrieved party" has been defined by our Supreme Court as "... one whose pecuniary interest in the subject matter is directly and injuriously affected or one whose right in property is either established or divested by the decision from which the appeal is prosecuted. Generally, if the judgment sought to be reviewed does not, by its own force, operate to impose a burden or obligation, and it has no binding effect upon any right, interest, person or property of the appealing party, that appellant is not deemed aggrieved. The effect of a judgment must be direct, substantial and immediate, rather than contingent on some future event." *Cleary Petroleum Corp. v. Harrison*, 1980 OK 188, 621 P.2d 528, 530; *Toxic Waste Impact Group, Inc. v. Leavitt*, 1994 OK 148, 890 P.2d 906, 911.

¶ 9 One who is not "aggrieved" by a decision may not bring a challenge to its validity. *Democratic Party of Oklahoma v. Estep*, 1982 OK 106, 652 P.2d 271, 274. One cannot appeal from a decision that does not affect one's substantial rights. *Pierson v. Canupp*, 1988 OK 47, 754 P.2d 548, 552, note 9; *Toxic Waste Impact Group, Inc.*, supra. The parties invoking this Court's jurisdiction must have a legally cognizable interest in the outcome of this case. *Democratic Party of Oklahoma*, supra. The adoption of the children in the instant case does not affect the substantial rights of the natural parents whose parental rights were terminated in 1988. Appellants have no legally cognizable interest and are not "aggrieved parties" leaving them without standing to seek appellate relief.

¶ 10 Although Appellees did not raise this issue of "aggrieved party" status or standing, it is jurisdictional and may be correctly raised at any stage of the judicial process by any party or by the court on its own motion. *Matter of Estate of Doan*, 1986 OK 15, 727 P.2d 574, 576; *Hendrick v. Walters*, 1993 OK 162, 865 P.2d 1232, 1236; *Herring v. State of Oklahoma, ex rel., Oklahoma Tax Commission*, 1995 OK 28, 894 P.2d 1074, 1076. Because Appellants lack "aggrieved party" status with respect to the adoptions, their appeal from the adoption decrees is dismissed. See, *Pierson v. Canupp*, supra.

¶ 11 AFFIRMED IN PART AND DISMISSED IN PART.

ADAMS, C.J., and GARRETT, J., concur.